C. TOBIN ET AL., Respondents, v. P. McCANN ET AL., Appellants.

### April 21, 1885.

1. ACTIONS—PREMATURE SUITS.—The plaintiff, in order to recover, must have had a right of action before the beginning of his suit.

2. ————There can be no recovery in an action where the right of action is dependent upon the satisfaction of a judgment which is not satisfied until after the suit is begun.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Reversed and dismissed.*

J. J. McCANN, for the appellants: "When all the facts alleged in the complaint are conceded to be true, but they are not sufficient to constitute a case of action, the occurrence of a material fact after the service of the summons can not be incorporated in the complaint, and will not be of any avail in maintaining the action, because THE RIGHT OF ACTION MUST BE COMPLETE BEFORE THE SUIT IS BROUGHT."—Wait's Actions and Defences, vol. 1, sect. 7, page 41; *McCullough* v. *Colby,* 4 Bosw. 603; 5 Bosw. 477; *Watson* v. *Thibou,* 17 Abb.

184; *Buchanan* v. *Comstock*, 57 Barb. 582; *Hare* v. *Van Deusen*, 32 Barb. 92; *Oothout* v. *Ballard*, 41 Barb. 33; *Smith* v. *Aylesworth*, 40 Barb. 104; *Bostwick* v. *Menck*, 4 Daly 68; *Church* v. *Frost*, 3 Thomp. & Cook 318; *Muller* v. *Early*, 5 Jones & Sp. 388.

DAVID MURPHY, for the respondents.

LEWIS, P. J., delivered the opinion of the court.

The defendant McCann had a justice's judgment against the plaintiff Richard Tobin, and caused his execution to be levied on two cows and a calf, which the plaintiff Catherine Tobin, wife of Richard, claimed, under the act concerning sheriffs and marshals of 1855, as her separate property. McCann thereupon gave an indemnifying bond, under the same act, with his present co-defendants as sureties. Catherine Tobin afterwards replevied the same property from the constable and took it out of the state. The replevin suit was decided against her, chiefly on the ground that her rights were represented by the indemnifying bond, and a judgment was rendered in favor of the defendants therein for $150.

The original petition in the present suit of Catherine Tobin and her husband alleges that the cattle sustained injuries while in the officer's custody, and demands damage therefor in the sum of $125. Upon this petition the plaintiffs obtained a judgment in the circuit court for $89.11. On the defendants' appeal to this court, that judgment was reversed, because it was manifest from the record that the amount of the recovery was fixed by the value of the property at the time of the levy, and not by the injuries done to it while in custody; which last constituted the only cause of action set up in the petition. After the return of the cause to the circuit court, the plaintiffs filed an amended petition, alleging a conversion of the property by the defendants, and demanding damages therefor in the sum of $110. The issues were tried by the court, sitting as a jury, and a judgment was given in favor of the plaintiffs for $100. No instructions were given, and none were asked for, except one at the close

of the plaintiffs' case in the nature of a demurrer to the evidence, which was refused. At the first trial of the cause, Mrs. Tobin, as a witness, estimated her losses from injuries to the cattle while in the constable's keeping, at the aggregate sum of $10. The effect of this court's ruling on the appeal from that trial, was a limitation of her possible recovery, as the case stood, to that amount. It would seem that the plaintiffs, unwilling to be so limited, thought it would be better to recover the value of the property instead.

Hence the amended petition charging a conversion. But this court had said, in its reversing opinion, per Thompson, J. : "It is difficult to see how Mrs. Tobin can maintain an action for the *value* of the cows and calf, till she has satisfied the judgment which was rendered against her in the replevin suit ; for this judgment represents the value of the cows. * * * Until this is done, she cannot keep the cows and have the damage for their conversion." In order, therefore, to adapt the conversion case made by the amended petition to this exigency, it would become necessary to show a satisfaction of the replevin judgment. The plaintiffs paid and satisfied that judgment in May, 1883. The amended petition had already been filed on April 14th.

It is elementary law, that a plaintiff must recover, if at all, on his right of action as it existed at the institution of his suit. One cannot bring another into court and tax him with cost in defending against a non-existent right, upon the ground that a right may be created pending the procedure. There are apparent exceptions to the rule—and they are only apparently such—in cases of bills *quia timet*, in those where a right already vested has acquired a further assurance, or where obedience to an interlocutory order changes the original *status* of the parties. In the most favorable aspect possible for the plaintiffs' case, the present action may be regarded as having begun with the filing of the amended petition. But at that time, the plaintiffs had no right of action for a conversion, since the replevin judgment remained un-

paid.    The trial court therefore erred  in  giving to the plaintiffs the benefit of an element which was essential to their cause of action, and yet which did not exist at the commencement of their suit.

It is unnecessary for us to say whether the amended petition presented such a radical departure from the original cause of action, that leave should not have been given to file it.   No objection was made to it in  the circuit court, in any stage of the proceedings, and therefore none can be entertained here.    It would manifestly be unfair to the defendants, were we to send the case back for the introduction of another amended petition reviving the original cause of action; thus prolonging the litigation in a continual shuffling to and fro.   And as the facts show no possibility of a recovery for the plaintiffs, in the present state of the pleadings, the judgment will be reversed and the cause dismissed.   All the judges concur.