A. W. Duryee, Respondent, v. John Turner, Appellant.

**St. Louis Court of Appeals, December 8, 1885.**

1. Landlord and Tenant—Rent.—The rent for a farm is payable at the expiration of a year, in the absence of any contract fixing the time of payment.

2. ——— Practice—Premature Action.—An action for rent brought before the rent is due is premature and should be dismissed.

Appeal from the St. Louis Circuit Court, Amos M. Thayer, Judge.

*Reversed and dismissed.*

F. Gottschalk, for the appellant.

W. C. Marshall, for the respondent.

Thompson, J., delivered the opinion of the court.

This was a suit commenced by attachment in the circuit court of the city of St. Louis, by a landlord against his tenant for the annual rental of a farm in St. Louis county. The attachment was levied by garnishment in the city of St. Louis, and a summons issued against the defendant was returned "not found." Nevertheless, the parties appeared by their respective attorneys as the record recites, and the defendant moved the court to dismiss the attachment for want of jurisdiction; which motion the court sustained. Thereafter, at the same term, the defendant filed an answer to the petition, consisting of a general denial. At a subsequent term the cause went

to trial before the court sitting as a jury, and a verdict and judgment were rendered in favor of the plaintiff in the sum of four hundred dollars.

The following was all the evidence in the case: The plaintiff testified "that he was the owner of the premises described; that he had rented the same to defendant in 1879, by the year, commencing in March; that at the expiration of each year, he had rented them again to defendant on the same terms, at a yearly rent of four hundred dollars; that of last year's rent, from March 1, 1884, to March 1, 1885, nothing had been paid; that the defendant had been in the habit, for several years, of paying his rent along in the summer, when the crops were gathered and marketed, about August 1, each year; and that the crops were usually gathered and marketed August 1, each year; that the crops for the year 1884 had been gathered, when this suit was brought."

On the contrary, the defendant testified "that the rent reserved was not payable in advance; he paid whenever he had money."

The action was brought on the twenty-third of July, 1884, and the question is, whether the plaintiff proved that the rent was due at the time when the action was commenced; for if he did not he was not entitled to recover. *Grier v. Fox*, 4 Mo. App. 522.

The rule of law is that in the absence of any agreement between the landlord and tenant as to when the rent is to be paid, it is payable at the end of the year. *Ridgley v. Stillwell*, 27 Mo. 128.

Does the above evidence show a contrary agreement? We are clearly of opinion that it does not. The plaintiff does not testify that there was, and the defendant testifies that there was not such an agreement. The plaintiff's testimony that "it had been the habit of the defendant for several years, to pay the rent along in the summer when the crops were gathered and marketed, about August 1, each year," and that the crop for the particular year had been gathered and removed when this suit was brought, does not tend to shown an agreement on the part of the

defendant to pay the rent before the end of the year, but is entirely compatible with his testimony that there was no such agreement, but that he paid whenever he had money. His "habit" to pay during previous years at or near a particular time, did not make an agreement so to pay for the year in question, nor did his failure to act according to such habit during the particular year constitute the breach of a contract such as gave the plaintiff a right of action. Aside from this, if the habit could be regarded as evidence of a contract, the plaintiff's testimony would hardly help out his case, because the action was brought nine days before the first day of August.

The plaintiff, therefore, failed to show a debt due at the time of the bringing of the action, and, as we think, the defendant's exception to the judgment for want of evidence to support it, was sufficiently saved in what the record recites as his demurrer to the evidence and in his motion for a new trial, we hold that the judgment is wrong, as a matter of law; and we accordingly order that it be reversed and the suit dismissed. All the judges concur.