D. C. RUSSELL ET AL., Defendants in Error, v. HERMAN ENGLEHARDT, Plaintiff in Error.

St. Louis Court of Appeals, December 21, 1886.

ACTIONS—PREMATURELY BROUGHT.—In a suit charging that the defendant bought a machine, agreeing to pay for it, under the terms of the contract sued on, by a note payable on a day subsequent to the date when the suit was brought, and the defendant denies the contract, there can be no recovery unless it affirmatively appears that the defendant, upon demand, refused to execute the note.

ERROR to the Lincoln County Circuit Court, ELIJAH ROBINSON, Judge.

*Reversed and remanded.*

MARTIN & AVERY, with whom are DYER, LEE & ELLIS, for the plaintiff in error: The plaintiff had no cause of action against the defendant until the time for payment had expired. *Daniels v. Newton,* 114 Mass. 530; *Rippstein v. Life Ins. Co.,* 57 Mo. 86. A demand for the execution of the note was necessary before the cause of action accrued to the

plaintiff. *Weil v. Tyler*, 38 Mo. 545; *Spears v. Bond*, 79 Mo. 467; *The State v. Mooney*, 65 M ). 494.

R. H. NORTON and S. HERMANN, for the defendants in error: No demand was necessary, the entire contract having been repudiated. *McKnight v. Watkins*, 6 Mo. App. 118; *McManus v. Gregory*, 16 Mo. App. 375; *Deichman v. Deichman*, 49 Mo. 107. The goods having been delivered, payment to be made by note, a failure to execute the note gives the vendor an immediate right to sue. 2 Benj. Sales, sect. 1054; 2 Pars. Cont., 652, 785, N. O.; *Maillard v. Argyle*, 6 Manu. & Grang, 43; *Rugg v. Weir*, 16 C. B. [U. S.] 473.

THOMPSON, J., delivered the opinion of the court.

This was an action for the purchase price of a machine called a harvester. The action was brought on the thirtieth of August, 1884. The action was upon a written contract, by the terms of which the purchase price of the machine was to be settled in a note, payable September 1, 1884, which contract was signed by the defendant. The defendant, in an amended answer, set up, among other things, that he was to have until September 1, 1884, to meet the note. The first witness for the plaintiff, the plaintiff's agent, by whom the machine was sold to the defendant, testified on cross examination that this was the agreement. The defendant repudiated the whole contract on the second day after the machine was delivered to him, on the ground that the machine would not work, and he refused to allow the expert, sent by the plaintiff, an opportunity of trying the machine and correcting the defect; would not let him have his horses for that purpose, nor use his wheat field for that purpose. The plaintiff gave evidence to the effect that he had demanded settlement of the defendants, but their testimony was to the effect that they had never demanded of him that he execute the note as required by the contract.

We regret to have to come to the conclusion that the judgment which was rendered for the plaintiff, upon a jury trial, must be reversed, on the ground that the action was prematurely brought. The answer of the defendant, which contains the allegation that it was agreed between him and the plaintiff's agent that he should have until the first of September to pay for the machine, was traversed by reply, but the plaintiff's own evidence showed that this was the agreement, and this evidence, though it was drawn out of one of the plaintiff's witnesses upon cross-examination, was admitted without objection. So that, if we take the plaintiff's view of the case, to stand upon the written contract, that required the defendant to settle in a note payable September 1, their own testimony showed that they never demanded such a note; or, if we take the defendant's view of it, that the real contract was not his order for the machine given to the plaintiff's agent and signed by himself, but the verbal understanding that he had at the time with the plaintiff's agent (the contract, whose contents he could not read, having been signed by him under the supposition that it was a mere order for the machine) ; then, upon evidence furnished also by the plaintiff's the agreement was that the defendant should not pay for the machine until September 1. The action, having been brought two days before that date, therefore appears to have been prematurely brought. We do not see how this conclusion is to be avoided. It is true that it is a necessary conclusion from all the evidence in the case that the defendant, two or three days after the machine was delivered to him, repudiated the contract in its entire scope and meaning, on the ground that the machine would not work, and maintained that position to the end of the trial. But if he were not justified in taking the ground that the machine was worthless, under the circumstances shown in evidence, and that, under the terms of the contract, he was, therefore, entitled to reject

and return the same, yet this would not change the terms of the contract as originally made. And, as it appears without contradiction that he was not to pay for the machine until two days after the action was brought, the plaintiffs had no cause of action at that time, and for this reason they must go out of court, and, if they shall so elect, bring another action.

We shall accordingly take the course of reversing the judgment and remanding the cause. It is so ordered. All the judges concur.