BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1901.

---

S. J. PAYNE, Respondent, v. SCHOOL DISTRICT NO. 3-25-10, Appellant.

### St. Louis Court of Appeals, March 4, 1901.

1. **Mandamus:** PRACTICE AND PROCEEDINGS: PRIVATE DEBT. Mandamus is not an appropriate remedy for the recovery of a private debt.

2. **Practice:** PLEADINGS: CAUSE OF ACTION. Except where otherwise specially provided by statute, a plaintiff can recover only on such right and title he has when he commenced his suit.

3. ———: ———: ———: SUPPLEMENTAL PETITION: NEW CAUSE OF ACTION. A new cause of action which has accrued since the commencement of the suit, though it arose out of the same contract or transaction that forms the basis of the suit, can not be engrafted on the original suit by a supplemental petition.

(415)

Appeal from Howell Circuit Court.—*Hon. William N. Evans*, Judge.

REVERSED AND REMANDED.

*Orchard & Saye* for appellant.

(1) Our contention is that the contract having been entered into and proceedings regular, and the services performed, and the directors refusing to issue warrants for respondent's wages, that the action was against the directors by mandamus, as the act would be entirely ministerial, and that the district should not be mulcted in costs for the refusal of the directors to perform their duties. State ex rel. v. Treasurer, 43 Mo. 228; State ex rel. v. Williams, 95 Mo. 159. (2) Plaintiff's supplemental petition brought in a new and separate cause of action, which had accrued since the filing of the petition, and this being an action at law, was not permissible. Davis v. Clark, 40 App. 522.

*H. D. Green* and *J. N. Burroughs* for respondent.

(1) Appellant's contention that a suit on the contract against the defendant district was not plaintiff's proper remedy, is not well taken. Plaintiff, under the law, could not by writ of mandamus compel the defendant's board of directors to issue warrants for his wages until his claim had been reduced to a judgment. Mandamus can never be resorted to to enforce the payment of a debt. Mansfield v. Fuller, 50 Mo. 338. We admit that mandamus will lie against a purely ministerial officer for the non-performance of a duty. And all the authorities cited by appellant, upon examination, reveal the fact that they relate to ministerial officers solely. But mandamus will not issue against an officer enforcing the performance of a

discretionary power. It will not issue against a municipal corporation until the claim on which it is based is first reduced to a judgment. Cloud v. Pierce City, 86 Mo. 357. (2) Our practice act recognizes the right to bring before the court matters arising after the filing of the petition. R. S. 1889, sec. 662; Ward v. Davidson, 89 Mo. 445. The amended and supplemental petition embraces the entire cause of action, as required by section 666, Revised Statutes 1899. Amendments to pleadings lie within the discretion of the court. This law is so well settled that we deem it unnecessary to cite the authorities on this proposition. And if the appellant had been surprised by the filing of the amended pleading, it should have either filed a motion to strike out such pleading or have asked for a continuance. Appellant having done neither, is deemed to have waived whatever objection it may have had to such amendment. The neglect of a party to move for a continuance, when an amendment to a pleading is permitted, waives an objection that such allowance worked a surprise on him. Kuh v. Garvin, 125 Mo. 547. Objection to an amended petition for the reason that it changes the cause of action, should be made before the trial. Bender v. Zimmerman, 135 Mo. 53.

BLAND, P. J.—Plaintiff, a duly qualified person under the laws of the State, as a teacher of public schools, was employed under a written contract by the directors of the defendant school district to teach a five months' term of public school at a salary of $45 per month, payable monthly. He taught four months of the term, but the directors of the district refused to audit his salary or to issue a warrant or warrants therefor. Whereupon, he brought this suit to recover four months' salary. The summons was returnable to the January, 1900, term of the court; the defendant appeared at this term and filed its

Vol 87 app—27

answer setting up a general denial and other defenses. At the same term, but after the filing of the answer, the plaintiff, by leave of court, filed an amended supplemental petition, in which he sought to recover his salary for the four months sued for in the original petition and for one additional month, which he alleged he had earned under the contract of employment since the suit was brought and which the defendant refused to pay. After the amended and supplemental petition was filed, the defendant refused to further appear to the action. The issues were submitted to the court sitting as a jury who after hearing the evidence, found for plaintiff and rendered judgment in his favor for the five months' salary. After unavailing motions for new trial and in arrest of judgment, defendant appealed.

The first contention made in appellant's brief is that respondent's remedy was by mandamus to compel the directors of appellant to issue warrants for his salary—respondent taught the school under a contract with the defendant, to earn his salary he was obliged to teach the school. He was simply employed under the contract to render certain services. The contract is not distinguishable on principle from any other contract to render services for a stipulated salary, whether made with a private individual, with a public corporation or a quasi public one. The performance of the services created the relation of private debtor and creditor between the appellant and respondent. Mandamus has never been held to be an appropriate remedy for the recovery of a private debt. Mansfield et al. v. Fuller et al., 50 Mo. 338; Cloud v. Pierce City, 86 Mo. loc. cit. 370.

The second contention of appellant is that the respondent by his amended and supplemental petition, abandoned his original suit and substituted a new and different one to which the defendant was not bound to appear, and to which it did not

appear and for this reason the judgment is void or at most erroneous. Revised Statutes 1899, section 663, allows a party on motion to file an amended or supplemental petition, answer or reply, alleging facts material to the cause, or praying for any other or different relief or judgment.

It is well-settled law, that, except where otherwise specially provided by statute, a plaintiff can recover only on such right and title as he has when he commences his suit. Weinwick v. Bender, 33 Mo. 80; Herod v. Ritchey, 112 Mo. 516; Jennings v. Zerr, 48 Mo. App. 528; Duryee v. Turner, 20 Mo. App. 34. And that where several claims payable at different times arise out of the same contract or transaction, separate suits may be brought as each liability accrues, or the plaintiff may wait until all are due and bring one suit for the recovery of all. Union R'y Co. v. Frank, 59 Mo. 355; Hoffman v. Hoffman, 126 Mo. 486; Flaherty v. Taylor, 35 Mo. 447; Epright v. Kaufman's Adm., 35 Mo. App. 453. A new cause of action, in no respect connected with the original one, nor a cause of action which has accrued since the commencement of the suit, though it arose out of the same contract or transaction that forms the basis of the suit, can be engrafted on the original suit by a supplemental petition. Wisner v. Ocumaught, 71 N. Y. 113; Buckley v. Buckley, 12 Nev. 423; Buchanan v. Comstock, 57 Barb. 582. The office of a supplemental petition is to bring forward facts which have occurred subsequent to the commencement of the suit, which vary the relief to which the plaintiff was entitled when the suit was begun, and the facts supplied must relate to the cause of action upon which the suit was brought, says Boon on Code Pleading, volume 1, section 40.

Respondent, by his supplemental petition, brought in a cause of action which had not accrued when the suit was brought and was permitted to recover thereon. This was

error, and error apparent upon the face of the record, for which the judgment must be reversed and the cause remanded. It is so ordered. All concur.