## ISABELLA M. LAWLER, Respondent, v. JOHN H. VETTE, Appellant.

**St. Louis Court of Appeals, July 2, 1912.**

1. **APPELLATE PRACTICE: Reviewing Evidence: Rules of Decision.** The appellate court, on appeal by a defendant from a judgment rendered on a verdict for the plaintiff, will view the evidence in the light most favorable to the plaintiff.

2. **USURY: Right of Recovery: Necessity of Full Payment by Borrower.** In order to entitle a borrower of money to recover usurious interest, under section 7182, Revised Statutes 1909, which prohibits usurious interest, and provides that the taker may be sued for any sums *paid in excess* of the principal and legal interest, there must have been an actual payment of usury, and the fact that the borrower gave his note therefor will not entitle him to recover; and not only must the amount charged as usurious interest, or some part thereof, have been paid, but the amount actually borrowed and lawful interest thereon must also have been paid, before any amount can be recovered as usury.

3. ————: **Remedies of Borrower: Equity: Rescission.** Where a usurer fails to sue on a note representing the usurious part of a transaction, and holds it, claiming a lien therefor on the borrower's property, the borrower may have it canceled or have other equitable relief, upon paying or tendering the principal and lawful interest.

4. **PAYMENT: Time of Payment: Evidence: Presumptions.** When payment is shown to have been made, but there is no evidence of when it was made, it is presumed to have been made on the day the debt was due.

5. **USURY: Payment of Notes: Time of Payment: Evidence.** In commercial transactions, the presumption is, that the usual course of business was followed by the parties thereto; so that where, in an action for usury, the borrower showed that the notes given for the loan, upon which usury was claimed to have been charged, had been paid, but did not show when they were paid, payment on the day the debt was due is presumed.

6. ————: **Right of Recovery: Premature Action.** Where only a portion of the notes representing a sum borrowed and interest thereon had been paid at the beginning of a suit to recover a sum alleged to have been paid as usury, and the balance, amounting to much more than the amount claimed to have been usuriously taken, was not paid until after the suit was brought,

Lawler v. Vette.

there had been no payment of something in excess of the amount actually borrowed and lawful interest thereon, without which no cause of action accrued, and hence, as plaintiff must recover on a right of action that existed at the time the suit was instituted, his suit was prematurely brought.

7. **ACTIONS: Premature Actions.** The general rule is, that the plaintiff can succeed only when he has a cause of action at the time he commences suit, and if anything is necessary to be done to make his cause of action complete, it must be done before the suit is commenced.

8. **RES ADJUDICATA: Judgments: Premature Action.** The dismissal of a suit on the ground it was brought before a right of action had accrued will not bar another action thereon.

9. **APPELLATE PRACTICE: Trial Practice: Mode of Saving Points: Premature Action.** The point that a suit was prematurely brought may be raised by offering an instruction in the nature of a demurrer to the evidence and excepting to its refusal.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.* for appellant.

(1) Prior to the amendment of the statute (now section 7182, Revised Statutes 1909), in 1905, usurious interest paid could not be recovered in this state. Kirkpatrick v. Smith, 55 Mo. 389; Murdock v. Lewis, 26 Mo. App. 234; Peters v. Lowenstein, 44 Mo. App. 406; Ferguson v. Soden, 111 Mo. 208. At best, prior to the amendment of the statute in 1905, the usurious interest paid might be applied by way of set off to reduce the amount of the principal unpaid. Hawkins v. Welch, 8 Mo. 490; R. S. 1909, sec. 7183. (2) The statute provides that "any person who shall violate the foregoing prohibition of this section (forbidding contracts for more than eight per cent interest per annum), shall be subject to be sued for any and all sums of money paid in excess of the principal and legal rate

of interest of any loan by the borower." R. S. 1909, sec. 7182. The remedy to recover usurious interest paid provided by the statute is exclusive. Bank v. Haselton, 155 Mo. 58; Matthews v. Paine, 47 Ark. 54. (3) Assuming that the transaction between plaintiff and defendant is usurious, there is no proof that plaintiff paid any usurious interest. At best she gave notes representing such interest. She, therefore, does not bring herself within the statute and canot maintain this action. Chaplin v. Currier, 49 Vt. 48; Shirley v. Stephenson, 104 Ky. 518; Anderson v. Trimble, 18 Ky. Law Rep. 507; McDonald v. Smith, 53 Vt. 33; 39 Cyc. 1034; Webb on Usury, sec. 466. The giving of notes, even though they are secured, representing or including the usurious interest is not the "payment" of usurious interest under the statute. Rushing v. Bivens, 132 N. C. 273; Chaplin v. Currier, 49 Vt. 48; Shirley v. Stephenson, 104 Ky. 518. The charging of usurious interest on a running account is not "payment" thereof under the statute. Davey v. Bank, 8 S. D. 214. (4) Plaintiff has paid nothing "in excess of the principal and legal rate of interest." Until she does, she does not come within the language of the statute. Hawkins v. Welch, 8 Mo. 490; Kendall v. Davis, 55 Ark. 318. (5) The evidence discloses only a purchase by defendant of negotiable paper in the usual course of business for less than its face value. The transaction is therefore not usurious. Sherman v. Blackman, 24 Ill. 347; Colebour v. Savings Inst., 90 Ill. 152; Primley v. Shirk, 60 Ill. App. 312.

*L. Frank Ottofy* for respondent.

(1) The right to recover back the usury remained in the plaintiff even though she sold the land upon which the deed of trust was given to secure the notes. 29 Am. and Eng. Ency. Law (2 Ed.), p. 547; Harper v. Bldg. Assn., 55 W. Va. 149; Lee v. Feamster, 21

W. Va. 114; Mann v. Bank, 104 Ky. 856; Whinery v.
Garrett, 71 S. W. (Ky.) 856. (2) In an action to re-
cover the penalty given by the statute against usury,
it is not necessary to show that the principal money
has been paid. The offense is complete, when any
thing is received for the forbearance, over and above
the rate of six per cent per year. Seawell v. Shom-
berger, 2 Murph. (N. C.) 200; Loyd v. Williams, 3
Will. 262; Grow v. Albee, 19 Vt. 542. (3) The fact
that the lender takes the obligation of the borrower
for the whole amount of an agreed loan bearing legal
interest, but retains a portion of such amount, is suffi-
cient in the absence of satisfactory explanation to
justify the jury in finding the loan to be usurious.
Egbert v. Peters, 35 Minn. 312. (4) Where there is
a dispute as to the facts of a transaction alleged to
be usurious it is a question of fact for the jury. A
mere cloak to cover the usury will not protect the
usurer. 39 Cyc., 1057; Kreibohm v. Yancey, 154 Mo.
85; Guarantee Co. v. Baker, 54 Mo. App. 83; State ex
rel. v. Bank, 48 Mo. 193; Little v. Pump Co., 122 Mo.
620; Warehouse Co. v. Glasner, 169 Mo. 47. (5) The
record shows that at the time of the trial the defend-
ant had received the $3000 for the loan. There is no
evidence in the record to the effect that the entire sum
had not been paid him before the institution of this
action. Consequently it will be presumed in aid of the
verdict that the evidence was sufficient to support it.
Thomasson v. Ins. Co., 114 Mo. App. 119. The judg-
ment being for the right party and as there is no
error or defect in the proceedings which affects the
substantial rights of appellant, the judgment should be
affirmed. Cass County v. Ins. Co., 188 Mo. 17; Levels
v. Railroad, 196 Mo. 618; Wabash v. Sloop, 200 Mo.
219; Foster v. Railroad, 112 Mo. App. 73. And even
though instructions given may not be wholly free from
criticism. Peterson v. Transit Co., 199 Mo. 344; State
ex rel. v. Stone, 111 Mo. App. 372. And the appellate

court will not reverse if to do so would be to send the case back for a new trial on an amended petition based on the facts already fully disclosed. Bragg v. Railroad, 192 Mo. 357.

STATEMENT.—Suit to recover from defendant a sum of money alleged to have been usuriously retained by him as compensation for a loan. The plaintiff had verdict and judgment for $555, being the amount of the usurious interest with interest thereon from the time of the commencement of this suit. The petition alleges, in substance, that on October ——, 1907, plaintiff secured a loan of $3000 from the defendant on certain real estate; though defendant was entitled only to the legal rate of interest thereon, six per cent, he "without her consent, retained as compensation for the loan of said sum, the sum of five hundred dollars ($500) in violation of the statute in such cases made and provided." That is, in substance, all the petition alleges or suggests. There is no allegation or suggestion that plaintiff or any one for her repaid any portion of the loan to defendant or actually paid any interest, either lawful or usurious. The case having originated before a justice of the peace, there was no pleading on the part of the defendant. The case was commenced in the justice court on May 24, 1909. It was tried anew in the circuit court before a jury on March 21, 1911.

Viewed in the most favorable light for plaintiff, as we must view it on this appeal, the verdict being in her favor, the evidence tends to prove that in October, 1907, the plaintiff owned a row of flats in the city of St. Louis, which were in charge of Woolley & Fish, her real estate agents. The property was encumbered by a deed of trust for $12,000 which was being advertised for sale in foreclosure. She authorized Woolley & Fish to make a loan of $3000 for her. Mr. Woolley saw the defendant, a money lender, and disclosed to

him his desire to make the loan on the property. The defendant went to look at the property and informed Woolley that he would give $2500 for the plaintiff's notes for $3000. Woolley then reported to plaintiff what defendant had said and had her execute forty notes for seventy-five dollars each, aggregating $3000 in amount, and a second deed of trust securing them. At the trial plaintiff offered all of said notes in evidence. The abstract described them as follows: "The one of these first maturing is in words and figures as follows:

"$75.00.      St. Louis, Mo., September 28, 1907.

"One month after date I promise to pay to the order of Edwin S. Fish seventy-five dollars, for value received, negotiable and payable without defalcation and discount and with interest from date at the rate of six per cent per annum.

"Isabella M. Lawler.

"Indorsed: Without recourse on me.

"Edwin S. Fish.

"The other thirty-nine notes are identical with the one above set out with the exception of the time of maturity, which is respectively two months to forty months after date. All said notes are marked paid."

She testified that when she executed these notes she knew that the money was coming from the defendant. The notes were made payable to Fish, one of her agents, and were indorsed by him without recourse. The notes and deed of trust were delivered to the defendant and he made his check payable to Woolley & Fish for $2500. The check was cashed and plaintiff received the amount thereof. She testified that she did not know about the charge for the loan until in November when she received a letter from Woolley & Fish stating that they had charged $600 commission. Both of the agents testified, however, that they had fully advised her in that respect before closing the deal with defendant. The evidence on be-

half of the defendant tended to prove that, in the ordinary course of business, he purchased the notes from Woolley & Fish, believing that they were the owners, and made no loan to the plaintiff and had no dealings with her or with any one acting for her. That the notes had been made out before Woolley & Fish tried to sell them to any one and that they had offered them to several persons before they came to defendant, but no one would take them because of the large first deed of trust. The only evidence, other than the fact that the notes, when introduced in evidence, were marked paid, tending to show payments on the notes, the times of such payments and the person making them, consisted in the following testimony of the plaintiff herself, elicited by counsel for defendant on her cross-examination: "After I got the money I paid seven of the notes of seventy-five dollars each, the first seven, as many as I had to pay until the property was sold. After I paid the first seven notes I sold the property. I paid these seven notes as they became due. None of the notes was past due when I sold the property. I am sure I did not pay more than seven notes. After the seventh note was paid I didn't pay any more, so I have paid only seven notes with the little interest that accrued on each note at six per cent from date until it became due. Since the seventh note was paid and I transferred the property I have paid no notes at all."

At the close of all the evidence the defendant asked and the court refused to give an instruction in the nature of a demurrer to the evidence. The defendant duly excepted to such refusal. Thereupon, at the instance of the plaintiff, the court gave to the jury the following instruction, the defendant duly excepting:

"I. The court instructs the jury that if you find from the evidence that on or about the 8th day of

October, 1907, the plaintiff was the owner of certain property in the city of St. Louis, known as flats numbers 4112 to 4122 inclusive, North Newstead avenue; and if you further find from the evidence that she, at said time, secured a loan for the sum of $3000 on said property from the defendant; and if you further find that the defendant made a loan on said property on said sum; and if you further find that he retained out of said sum the sum of $500 as compensation for the loan of said sum, then you will find a verdict for the plaintiff in the sum of $500, with interest from the 24th day of May, 1909, at the rate of six per cent per annum.''

CAULFIELD, J. (after stating the facts).—In order to entitle a borrower to recover usurious interest there must have been an actual payment of the usury. The fact that the borrower gives his note therefor will not entitle him to recover as for usurious interest paid. [29 Am. and Eng. Ency. Law (2 Ed.), p. 546.] A cause of action to recover on the ground of usury does not accrue until the usurious interest is actually paid. [Webb on Usury, sec. 466; Anderson v. Trimble, 18 Ky. Law Rep. 507, 37 S. W. 71.] And not only must the amount charged as usurious interest or some portion thereof have actually been paid, but the money actually borrowed with lawful interest must also have been paid before any amount can be recovered as usury. It is only when the total amount actually paid exceeds the principal and lawful interest that anything can be recovered as usury and then only the amount of such excess. If the principal and legal interest remains unpaid no action to recover usury will be entertained. [Tyler on Usury, p. 422; Webb on Usury, sec. 466; Hawkins v. Welch, 8 Mo. 490; Kearney v. First Natl. Bank, 129 Pa. St. 577; Chaplin v. Currier, 49 Vt. 48; Kendall v. Davis, 55 Ark. 318, 18 S. W. 185.] In this state it had been held

that the borrower could not recover back usurious interest which had been paid, at all. [Bank v. Haseltine, 155 Mo. 58, 55 S. W. 1015; Ransom v. Hays, Garn., 39 Mo. 445.] At the time the Haseltine case was decided our statutory provisions concerning interest were the same as now, except in the following particular: In 1905, which was after the Haseltine case had been decided, the Legislature amended what was then section 3708 of the Revised Statutes 1899, and is now the first part of section 7182 of the Revised Statutes 1909, by adding thereto the following: "Any person who shall violate the foregoing prohibition of this section shall be subject to be sued, for any and all sums of money paid in excess of the principal and legal rate of interest of any loan, by the borower, or in case of borrower's death, by the administrator or executor of his estate, and shall be adjudged to pay the costs of suit, including a reasonable attorney's fee to be determined by the court." It is apparent that this added provision, without which our Supreme Court had declared that a borrower could not recover back usurious interest which he had paid, in giving the right to recover back such interest, places the same limitation upon it which is prescribed or stated by the text-books and authorities first above mentioned and which was recognized by our Supreme Court in the early case of Hawkins v. Welch, supra, for it permits the usurer to be sued only for "money *paid* in *excess* of the principal and legal rate of interest." And this is logical and just, for until a borrower has parted with the money to be paid as usury he still has it and suffers no loss. If he has paid nothing more than the amount actually borrowed with lawful interest, he has paid no usury and has no just ground for complaint. If he is sued he may have credit for it upon his indebtedness (Sec. 7183, R. S. 1909), and if the usurer fails to sue him and holds the notes representing the usurious portions of the transaction claim-

ing a lien therefor on his property, the borrower may have them cancelled or have other equitable relief upon paying or tendering nothing more than the principal and lawful interest.

It is evident from the foregoing statement of the law that plaintiff's petition is framed upon an erroneous theory, for it makes no allegation beyond the fact that the plaintiff secured a loan of $3000 from the defendant and that defendant "retained as compen· sation for the loan of said sum, the sum of five hundred dollars ($500), in violation of the statute in such cases made and provided." There is no allegation or suggestion that plaintiff or any one for her repaid any portion of the loan to the defendant. Indeed it is quite clear that plaintiff's counsel had no such idea in framing the petition. However, if we were concerned merely with the petition—that is, if the evidence had disclosed a case entitling plaintiff to recover and the court had not misdirected the jury as to the law, we might look upon the petition with that charity which the law indulges in favor of proceedings originating before a justice of the peace, and hold it sufficient, at least after verdict. But when the trial court came to instructing the jury as to the law of the case we find that it adopted the same theory upon which plaintiff had framed her petition, for at the instance of the plaintiff it told the jury in effect that all plaintiff need prove in order to recover was that the defendant made her a loan of $3000 and retained out of the sum loaned $500 as compensation for the loan. It impliedly eliminated the necessity of a finding that plaintiff had actually made payment as we have discussed, and thereby committed error.

Moreover, the demurrer to the evidence raised another question. While the evidence tends to prove that the notes were *paid,* there is not a *scintilla* of evidence tending to prove *when* they were paid. The rule is, that when payment is shown to have been

made, but there is no evidence of when it was made, it is presumed to have been made on the day the debt was due. [Johnson v. Carpenter, 7 Minn. 176; 9 Ency. of Evid., p. 721; Lawson's Presumptive Evid., p. 104.] This rule comes under the more general one that "in commercial transactions the presumption is that the usual course of business was followed by the parties thereto" (Lawson's Presumptive Evid., p. 82), a rule which frequently has been applied by the courts of this state. Applying this rule, as we must, it appears that when this suit was commenced, May 24, 1909, only eighteen of these notes, representing $1350 and interest thereon at six per cent had been paid. The balance were not paid until after this suit was brought. As we have already pointed out, until something in excess of the amount actually borrowed, $2500, with lawful interest, had been paid to the defendant, no cause of action accrued to plaintiff. She stands then in the position of having commenced this suit long before her cause of action accrued. This is fatal to her maintaining this action. The general rule is that a party can only succeed, when he has a cause of action at the date of the commencement of his suit. If there is anything, such as the making of payments, necessary to be done in order to make his cause of action complete, such thing must be done before suit is commenced, for, if it is done afterwards, even before the trial, it is then too late and of no avail so far as the then proceeding is concerned. [McDowell v. Morgan, 33 Mo. 555; Mason v. Barnard, 36 Mo. 384; Turk v. Stahl, 53 Mo. 437, 438; Freimuth v. Rupp, 8 Mo. App. 568; Tobin v. McCann, 17 Mo. App. 481; Duryee v. Turner, 20 Mo. App. 34; Werth v. City of Springfield, 22 Mo. App. 12; Russell v. Englehardt, 24 Mo. App. 36; Brown v. Shock, 27 Mo. App. 351; Jennings v. Zerr, 48 Mo. App. 528; Heard v. Ritchey, 112 Mo. 516, 20 S. W. 799; Payne v. School District, 87 Mo. App. 415.] As was said in one case, "It is elementary law,

that a plaintiff must recover, if at all, on his right of action as it existed at the institution of his suit. One cannot bring another into court and tax him with cost in defending against a non-existent right, upon the ground that a right may be created pending the procedure.'' [Tobin v. McCann, 17 Mo. App. 481.] Of course if his suit is defeated upon this ground the judgment is not a bar to another action. [Dillinger v. Kelley, 84 Mo. 561.]

And we are of the opinion that the point that the suit was prematurely brought was properly and sufficiently raised and preserved by offering an instruction in the nature of a demurrer to the evidence and excepting to its refusal. In Freimuth v. Rupp, supra, only a memorandum opinion was published, but by resorting to the original opinion on file we find that this court held that as the evidence disclosed the fact under discussion here it was error to refuse an instruction in the nature of a demurrer to the evidence. In Tobin v. McCann, supra, the court reversed the judgment and dismissed the cause though the point that the suit was prematurely brought does not appear to have been suggested except by the offering of an instruction in the nature of a demurrer to the evidence. Werth v. City of Springfield, supra, was tried upon an agreed statement of facts. The judgment was reversed and the cause remanded because the suit was prematurely brought although that fact appears to have been developed only by the evidence and the only errors assigned were the refusal of instructions which were substantially demurrers to the evidence, and the finding of the court against the defendant upon insufficient evidence. In Duryee v. Turner, supra, the fact that the suit was prematurely brought was disclosed by the evidence and this court reversed the judgment and dismissed the suit upon the defendant's exception to the judgment for want of evidence to support it,

such exception being saved in a demurrer to the evidence and defendant's motion for a new trial.

For the error aforesaid in giving plaintiff's instruction to the jury, and in refusing defendant's demurrer to the evidence, the judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Nortoni, J.,* concur.