MOSES LEON ET AL., RESPONDENTS, v. BARNSDALL ZINC COMPANY, APPELANT.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Judgment—Judgment Held no Bar to Action. Judgment, in action to recover six installments due under mining lease contract, that plaintiff could recover only first two installments, no cause of action having accrued on last four, is not bar to another action to recover last four installments after they become due.

2.—Same—Peremptory Instruction Held Proper. Where, in action to recover balance due on contract relative to mining lease, only defenses pleaded were fraud and rescission, which questions had both been adjudicated against defendant in prior action on same contract, judgment in first action is res judicata of both defenses in second action, and peremptory instruction to find for plaintiff was proper.

---

*Corpus Juris-Cyc. References: Judgments, 34CJ, p. 777, n. 81; p. 845, n. 55; p. 1079, n. 90.

Appeal from the Circuit Court of Jasper Court.—Hon. S. W. Bates, Judge.

AFFIRMED.

*A. W. Thurman* for appellant.

(1) The court erred in refusing, at the close of plaintiffs' case, to give the defendant instruction No. 1, directing the jury that under the pleadings and evidence to find for the defendant. The plain-

tiffs made no proof of performance of the contract and besides it is shown that there had been a previous judgment entered upon the same cause of action, and that the matter was fully adjudicated. Roy v. Voteler, 40 Mo. App. 213; Meepher v. Heinbach, 249 S. W. 440. The reversal of the judgment in the original case was a finality. Berry v. Majestic Milling Co., 263 S. W. 406; Strottman v. Railroad, 228 Mo. 154, 263 S. W. 410; Abbott v. Railroad, 232 Mo. 616; Rutledge v. Railroad, 123 Mo. 140; Bowen v. Railroad, 118 Mo. 541; Lilly v. Tobbein, 103 Mo. 477; Powell v. Bowen, 240 S. W. 1085; Gulf Refining Co. v. U. S., 70 L. Ed. 58; Metropolitan Water Co. v. Kaw Valley Drainage Dist., 223 U. S. 519, 56 L. Ed. 533; Scullin v. Railroad, 192 Mo. 1; Gilsey v. Gilsey, 201 S. W. 588, 198 Mo. 505, 240 S. W. 1085. (2) Instruction No. 1 given in behalf of the plaintiffs directing the jury to return a verdict for plaintiffs on each count was erroneous under the pleadings and the evidence and against the law under the evidence. Said instruction ignored the contract and the performance and authorized recovery without regard to whether or not the plaintiffs had performed the covenants of said contract. It is further erroneous because it allowed recovery upon a contract which had been adjudicated in a previous suit. See authorities on No. 1. Said instruction was peremptory and ignored the pleadings and issues. Royal Mining Co. v. Fidelity Casualty Co., 161 Mo. App. 185; Haskell v. Metropolitan Railroad, 161 Mo. App. 64. (3) Under the pleadings and under the evidence it appears that all matters involved in this suit had been fully adjudicated between the same parties and the court erred in not directing the jury to find for the defendant; that it appears under the pleadings and under the evidence introduced by plaintiffs that the plaintiffs in this suit instituted a previous suit upon the identical contract for damages against the defendant in the sum of $6000 and that a judgment was rendered in said previous suit for that sum; that under the pleadings and under the evidence the court erred in refusing to instruct the jury to find for the defendant as all matters in said contract and all damages growing out of said contract had been finally adjudicated. That it appears that the instruction of the court and the verdict of the jury and the judgment rendered is contrary to the judgment directed by the Supreme Court and in violation of sections 1, 3, and 5 of article 6 of the Constitution of Missouri, which gives the Supreme Court the power and jurisdiction to control the lower court and to direct judgment and that said judgment is contrary to the mandate as directed. Strottman v. Railroad, 208 Mo. 154, 263 S. W. 410, cites other cases under No. 1. (4) The judgment is wrong under the pleadings and under the evidence and is against the law. See authorities cited under No. 1. It is not presumed that the Supreme Court ignored the Statutes of Missouri, or reversed the judgment on account of technical errors. Revised Statutes, secs. 1276, 1513, 1514.

Section 1514 provides that the Supreme Court shall examine the records and reverse or affirm the judgments or decisions and give such judgment as the court should have given. 23 Cyc. 1147, 1148; Wilhelmi v. Des Moines Insurance Co., 68 N. W. 782; Ginnochio v. Railroad, 263 S. W. 411; Abbott v. Railroad, 232 Mo. 616; Powell v. Bowen, 240 S. W. 1085; Moody v. Century Savings Bank, 239 U. S. 374, 60 L. Ed. 336; State ex rel. v. Speer, 284 Mo. 45.

*McReynolds & Blair* and *John Flanigan* for respondent.

(1) The judgment in the former suit is no bar to this action. Hobson v. Lenox, 201 S. W. 967; Dillinger v. Kelley, 84 Mo. 561; Whitlock v. Appleby, 49 Mo. App. 295; Taylor v. Larkin, 12 Mo. 103; Lawler v. Vette, 166 Mo. App. 342, 149 S. W. 43; McNees v. Ins. Co., 69 Mo. App. 246; Shanklin v. Francis, 67 Mo. App. 461; 34 Corpus Juris, 777-778. (2) The judgment for the first two installments is conclusive in the present suit. It precludes all defenses urged by the defendant herein. In re McMenamy's Guardianship, 270 S. W. 662; 34 Corpus Juris, 844, 845, 854, 855, 943; Richardson v. Dell, 191 S. W. 64-65; Mitchell v. Joplin Nat. Bank, 200 Mo. App. 243, 204 S. W. 1125; Edgell v. Sigerson, 26 Mo. 583; Jones v. Silver, 97 Mo. App. 240-241; Nat. Surety Co. v. Breuchaud, 173 App. Div. 795, 160 N. Y. Sup. 77; N. Y. City Car Adv. Co. v. Greenberger, 150 N. Y. Sup. 642; Topliff v. Topliff, 8 Oh. Cir. Ct. 55, 4 Oh. Cir. Dec. 312; Julian v. Granite Mon. Co., 187 S. W. 585; Smith v. Kiene, 231 Mo. 215, 132 S. W. 1052; Hickerson v. Mexico, 58 Mo. 61; State v. Bates, 193 S. W. 913. (3) Defendant's peremptory instruction properly refused. Leon v. Barnsdall Zinc Co., 274 S. W. 699. (4) Plaintiffs' peremptory instruction was properly given. Sturdivant Bank v. Houck, 215 S. W. 758; Crawford v. Stayton, 110 S. W. 665; Clemens v. Knox, 31 Mo. App. 185; Ford v. Dyer, 148 Mo. 528; Hoster v. Lange, 80 Mo. App. 234.

COX, P. J.—Action for balance due on a contract. The issues were found for plaintiff under a peremptory instruction by the court. Defendant appealed.

The contract which is the basis of this suit was a sale by plaintiffs of their rights under a contract with the owners of certain lands relative to a mining lease. Defendant agreed to pay plaintiff $6000 in monthly installments of $1000 each. This suit is to recover the last four installments.

The history of the transactions between these parties as far as litigation is concerned may be briefly stated as follows: A suit was brought by plaintiffs against this defendant based on this same contract and plaintiff recovered the full $6000 which defendant had

agreed to pay plaintiffs. On appeal to this court the judgment was reversed without remanding by majority opinion on the ground that there was no consideration for the contract. One judge dissented and the case was certified to the Supreme Court. [See Leon v. Barnsdall Mining Company, 247 S. W. 1013.] The Supreme Court held that There was a sufficient consideration to sustain the contract and plaintiffs could recover for the first two installments, amounting to $2000, but held that as the other four installments were not due when that suit was brought plaintiffs could not recover for them in that action. [See same case, 274 S. W. 699.]

We refer to these two reports for a full statement of all the facts. As we view the case now before us we do not deem it necessary to incorporate herein a full statement of the facts. We think our conclusion here must be governed by the decision of the Supreme Court in the other case. This case is a new suit to recover four installments provided in the contract which the Supreme Court held had not matured when the other suit based on this contract was filed.

Both parties now contend that the judgment of the Supreme Court in the other case is *res adjudicata* in this case. The appellant contends that since the Supreme Court held in the other suit that plaintiff could only recover two installments, amounting to $2000, in that suit, and reversed and remanded the case with directions to enter judgment for that amount and made no order in relation to the other four installments, that the judgment is a finality and precludes any other suit upon the same contract. We are of the opinion, however, that since the ground for holding that no recovery could be had in that suit for the amount of the last four installments provided in the contract was, that these installments were not due when the suit was filed, as stated in the opinion, the judgment in that case is not a bar to this suit. If recovery is prevented in any suit solely for the reason that the cause of action had not accrued when the suit was brought the judgment in that case is not a bar to another suit to recover the same thing after the cause of action does accrue. [Dillinger v. Kelley, 84 Mo. 561; Lawler v. Vette, 166 Mo. App. 342, 149 S. W. 43.]

Respondent contends that the judgment in the former suit is *res adjudicata* of every question raised by the defense in this suit and for that reason the peremptory instruction to find for plaintiff in this case was correct.

In the former suit, which was based on the same contract as in this suit, one defense was fraud in inducing the execution of the contract and a counterclaim for resultant damages was set up. Fraud is alleged as a defense in this case but no counterclaim is asserted. On the issue of fraud the finding in the former suit was against defendant and it had, therefore, had its day in court on the question of

fraud inducing the execution of the contract and cannot again litigate that question.

The contract sued upon contained a provision by which defendant, upon doing certain things, could rescind and surrender the contract and be released from further payments under it. In the former suit and in this suit a defense of having surrendered the contract and thereby secured a release from further liability for payments under it was pleaded. That issue was also found against defendant in the former suit. In that suit the plaintiff sought to recover all the installments, or the full sum of $6000 provided in the contract. The judgment in the trial court was for that amount. On appeal the Supreme Court held that the plaintiff was entitled to recover and also held that the action was one for the recovery of the amount due under the contract and not a suit for damages for its breach. It then held that at the same time the suit was filed there were but two installments due under the contract hence the recovery in that suit must be limited to the amount of the first two installments, or $2000, and reversed and remanded the judgment with directions to enter judgment for plaintiff for $2000 and interest thereon. What defendant had done which it contended in that suit relieved it from liability under the contract had all been done prior to the maturity of the first two installments and the Supreme Court held that defendant had not complied with the terms of the contract on that question and hence that defense must fail. The contract provided that in case defendant wished to cease operations and rescind and surrender the contract it could do so by giving thirty days' notice by letter, but should it decide to rescind the contract it must continue operations for thirty days after giving notice to rescind. It was shown in the former trial that defendant ceased operations before or about the time that it sent the letter to plaintiffs declaring its intention to rescind and surrender the contract. The Supreme Court held that having ceased operations and having failed to continue for thirty days after having given the notice of rescission was not a compliance with the contract and hence the defense of surrender was not open to defendant. That was clearly an adjudication of that question and it could not be successfully asserted as a defense in this suit.

Fraud and rescission were the only defenses pleaded in this suit and since both those questions had been adjudicated against defendant in the former suit it had no defense to this action and the peremptory instruction to find for plaintiff was properly given.

Judgment affirmed. *Bailey* and *Bradley, JJ.*, concur.