MICHAEL RUKAVINA, RESPONDENT, v. ACCOUNTS SUPERVISION CORPORATION, A CORPORATION, d/b/a VICTOR FINANCE COMPANY, APPELLANT.—237 S. W. (2d) 503.

Kansas City Court of Appeals. Opinion delivered February 5, 1951.

*William E. Tipton, Chet D. Vance* and *Barak T. Mattingly* for appellant.

*Robert M. Murray* for respondent.

DEW, P. J.—Respondent, as plaintiff in the trial court, brought this action in equity to cancel a chattel mortgage as usurious and to recover insurance premiums and excess interest paid, together with reasonable attorney's fee, and for general relief. The court decreed the chattel mortgage to be set aside and canceled and awarded to plaintiff $15.63 excess interest paid, plus $200 attorney's fee, a total of $215.63, with costs. Defendant has appealed.

In his amended petition filed June 3, 1948, plaintiff alleged that on December 17, 1947, he applied to the defendant for a loan of $100 and in return for that amount received, he executed and delivered to defendant a note for $145, payable $14.50 each month for ten months, and to secure payment of said note, executed and delivered a chattel mortgage on certain household goods of the approximate value of $300, which was ample security for said loan; that as a further consideration for the making of said loan he was told by the defendant that it was necessary for him to purchase credit life insurance, accident and health insurance, and fire insurance on the household goods listed in said mortgage, as additional security; that no insurance policies were ever delivered or exhibited to him, but that he received receipts for the payment of premiums therefor. He further alleged that on January 4, 1948, and January 31, 1948, he made payments of $14.50 each on said note. He avers that on March 9, 1948, in response to a solicitation letter from defendant, advising him that he could borrow $50 additional without charge, he applied for that amount as an additional loan, and in return for $150 received, he executed a new note, payable to the

defendant for $237.60, payable at the rate of $19.80 a month for twelve months; that thereupon out of the $150 received, he paid the balance of $116 due on the first note and received back the first note and chattel mortgage marked "canceled," together with a refund of $11, represented as "insurance refund." He further pleads that on March 9, 1948, to secure the payment of the new note he signed and delivered to defendant a new chattel mortgage on household goods of the approximate value of $300, ample security for the repayment of said loan, and at said time was required by the defendant, in order to obtain the loan, to purchase new life credit, accident, health and fire insurance as additional security for the note; that he received insurance receipts which did not disclose the name of defendant, the extent of the insurance coverage, or the amount of the premiums, nor was he given or shown any evidence that said policies were ever written or issued. Plaintiff alleges that as a result of the above transactions he received $161, has paid back $29, and agreed to pay back an additional $237.60, or a total of $266.60 for $161 received. He further alleges that if said policies were written, the defendant retained a part or all of the premiums thereon, and when added to the interest otherwise charged by the defendant, the same constitute exaction and receipt by defendant of interest in excess of the legal rate permitted under the statutes of Missouri, and that said policies, if issued, were illegally required and were a subterfuge to circumvent the usury laws of Missouri, and to collect from the plaintiff excessive rate of interest. He further states that said insurance was unnecessary to secure the repayment of said loan as the chattel mortgage was ample security therefor, and that such interest in the guise of insurance premiums rendered said chattel mortgage invalid and illegal. He alleges that said chattel mortgage is a cloud on the title of his household goods; that he has requested and demanded of defendant the cancellation and return of said chattel mortgage, which defendant has refused and still refuses to do. Plaintiff alleges that he has no adequate remedy at law. The prayer of the petition was that the defendant be required to produce said chattel mortgage into court and that same be declared invalid and be canceled and redelivered to plaintiff, and that plaintiff have judgment for the amount of insurance premiums and excess interest paid, and for a reasonable attorney's fee, together with general relief.

The answer of the defendant was, in effect, a general denial, except that it admits that the plaintiff borrowed from the defendant the sum of money alleged, and that plaintiff had paid two payments of $14.50 each on the first note, as alleged.

In its brief, the defendant states that it "does not wish to take issue with the Court's order canceling the chattel mortgage on plaintiff's household goods, but contends that the judgment against the defendant in the amount of $15.63 and $200 attorney's fee is unwarranted by the evidence and should be set aside". Accordingly, defend-

ant's sole and only point on appeal is that the plaintiff failed to prove facts which would be sufficient to entitle him to recovery under the usury statutes of Missouri, and for that reason the money judgment rendered, should be set aside and reversed. It points out that the plaintiff's cause of action for recovery of usurious interest paid is founded upon Section 322, R. S. Mo., 1939. That section reads as follows:

"No person shall directly or indirectly take, for the use or loan of money or other commodity, above the rates of interest specified in the three preceding sections, for the forbearance or use of one hundred dollars, or the value thereof, for one year, and so after those rates for a greater or less sum, or for a longer or shorter time, or according to those rates or proportions, for the loan of any money or other commodity. Any person who shall violate the foregoing prohibition of this section shall be subject to be sued, for any and all sums of money paid in excess of the principal and legal rate of interest of any loan, by the borrower, or in case of borrower's death, by the administrator or executor of his estate, and shall be adjudged to pay the costs of suit, including a reasonable attorney's fee to be determined by the court".

On matters material to the controversy, the evidence tended to prove that plaintiff applied for and obtained on December 17, 1947, a loan of $100 from defendant and signed certain receipts and memoranda pertaining to same, and for certain premiums to be included for insurance required as additional security for the loan, and executed and delivered his installment note therefor on that date for $145, with interest from maturity, and which principal sum included said insurance premiums and interest to maturity at the "highest legal rate". Certain insurance policies for the premiums stipulated were obtained and held by the defendant. A chattel mortgage on furniture was executed and delivered by plaintiff to defendant to secure the above note, of even date. Plaintiff paid two monthly installments on the above loan of $14.50 each, reducing the mortgage indebtedness to $116. Plaintiff had been solicited to increase his loan and on March 9, 1948, borrowed $50 additional. Accordingly, the note and chattel mortgage of December 17, 1947, were canceled and returned to plaintiff, together with a check for $11.56 for unearned insurance premiums, and a check for $50 additional loan, which checks plaintiff cashed in the office of the defendant and retained the proceeds. Thereupon a new note was executed to include the balance of the old note, $116, plus the $50 additional loan, the calculated interest to maturity at the highest legal rate, and certain insurance premiums for new policies as additional security, authorized in writing by the plaintiff, or a total principal amount of the new note of $237.60, payable in twelve equal monthly payments of $19.80 each, with interest from maturity at 8 percent per annum. A new chattel mortgage was executed by the

plaintiff to secure the new note. Thereafter defendant obtained insurance on life, accident and health and credit disability for the stipulated premiums included in the note. Plaintiff paid the first monthly payment of $19.80 on the new note and paid nothing further. There was no proof that the defendant retained, directly or indirectly, for its own use, any part of the insurance premiums collected and included in the notes.

The Court, in its Findings of Fact and Law, found that the defendant exacted and received more than 8 percent interest on the money loaned; that the defendant required the plaintiff to contract with defendant and agree to pay to defendant for fire insurance on the personal effects covered by the chattel mortgage, and to contract and pay defendant for life, accident and health insurance, all as a condition for making such loan, and that such requirements were unlawful and, together with additional interest charged, were in excess of 8 percent per annum, and decreed and adjudged that the chattel mortgage be canceled, and that the plaintiff have and recover of the defendant $15.63 interest paid on said loan in excess of 8 percent per annum, and the sum of $200 reasonable attorney's fee, or a total of $215.63, and costs.

Under Section 3231, R. S. Mo., 1939, a chattel mortgage may be set aside as invalid if the party claiming the lien thereunder has "received or exacted" usurious interest for such mortgage indebtedness. That section reads as follows:

"In actions for the enforcement of liens upon personal property pledged or mortgaged to secure indebtedness, or to maintain or secure possession of property so pledged or mortgaged, or in any other case when the validity of such lien is drawn in question, proof upon the trial that the party holding or claiming to hold any such lien has received or exacted usurious interest for such indebtedness shall render any mortgage or pledge of personal property, or any lien whatsoever thereon given to secure such indebtedness, invalid and illegal".

Since defendant in its brief states that it "does not take issue with the court's order canceling the chattel mortgage on the plaintiff's household goods", we must treat that as a concession that under the mortgage of March 9, 1948, defendant has "received or exacted" usurious interest in the mortgage. Since it admitted that the indebtedness was payable in twelve equal monthly installments, of which plaintiff has paid at least one ($19.80), it must be conceded that at least one-twelfth of the usurious interest on the present mortgage note was thus paid to and received by the defendant. Defendant does not undertake to question the amount found by the court to be usurious interest paid, except to claim that plaintiff failed to prove facts sufficient to entitle him to recover any amount under the usurious statutes of Missouri for usurious interest or attorney's fees or costs.

The theory of defendant is that while under Section 3231, R. S. Mo., 1939, a chattel mortgage may be set aside for usurious interest "received or exacted" on the indebtedness, the recovery of any excess interest is allowable only under the terms of Section 3229, which requires that such usurious interest shall have been "taken" or "received", and authorizes suit only "for any and all sums of money paid in excess of the principal and legal rate of interest on any loan", together with reasonable attorney's fees and costs. It contends that the mere taking of the note by defendant here did not constitute "taking" of interest in excess of the principal and legal interest. In other words, defendant insists that plaintiff's remedy, if any, to recover usurious interest is under Section 3229, the requirements of which have not been met by the proof. It points out that plaintiff admits he borrowed and received $100 on the first loan, together with certain insurance and interest supplied, and a $50 additional loan, and makes no claim to have paid back more than $48.80, leaving the balance of the principal unpaid.

Plaintiff argues that in his action in equity to cancel the chattel mortgage for usury, he may obtain further relief in the recovery of usurious interest paid, with attorney's fees; that Section 3229 does not afford the exclusive remedy for recovery of usurious interest paid; that this proceeding being one in equity to cancel a chattel mortgage, not a mortgage on real estate, it is immaterial that the whole amount of the principal or any part thereof has not been repaid.

Plaintiff did not prove that defendant retained for its own use any of the insurance premiums incorporated in either of the notes, nor that plaintiff has at any time repaid or tendered back the balance of the principal amounts borrowed and received. The mere taking of a note which contains usurious interest does not give rise to a cause of action to recover usurious interest. Lawler v. Vette, 166 Mo. App. 342, 149 S. W. 43, 44.

In jurisdictions whose statutes fix the legal rates of interest, prohibition of usury "rests wholly in statute". Gehlert v. Smiley, 114 S. W. 2d 1029, 1034; 27 R. C. L. 203, Sec. 1; 66 C. J. 142, Sec. 5. The only authority in this state for an action to recover usurious interest paid is under Section 3229, R. S. Mo., 1939. Prior to 1905, no action therefor was authorized at all, but that year that section was amended to permit the same, as now. Lawler v. Vette, supra. This authority is not enlarged by the mere fact that such recovery is sought as additional relief in an equity suit to cancel a chattel mortgage securing the obligation. Equity follows the law. Nor is there any authority to recover attorney's fees under Section 3231 in an action to cancel a usurious chattel mortgage, nor in any other action in the absence of statute or agreement. Prudential Ins. Co. of America v. Goldsmith, 239 Mo. App. 188, 192 S. W. 2d 1, 4. The petition here is plainly founded on the usury statutes. Under Section 3229, recovery may be had only for "sums of money paid in excess of the principal and legal rate of in-

terest'' on the loan, and reasonable attorney's fees. As was said in Lawler v. Vette, supra, 149 S. W. loc. cit. 44, 45: ''If the principal and legal interest remains unpaid, no action to recover usury will be entertained. * * * As we have already pointed out, until something in excess of the amount actually borrowed, $2500, with lawful interest, had been paid to the defendant, no cause of action accrued to plaintiff. She stands then in the position of having commenced this suit long before her cause of action accrued''. See, also, Whitworth v. Davey, (Mo. App.) 185 S. W. 241. The fact that in those cases the security was a mortgage on real estate is immaterial here. The Whitworth case was certified to the Supreme Court and there affirmed, Whitworth v. Davey, 279 Mo. 672, 216 S. W. 736, wherein, on page 679, the court said: ''A computation discloses that the amounts paid on the notes do not aggregate a sum equal to the amount of the principal note with interest at eight per cent, compounded annually. In view of this fact and of the principles stated, there can be no recovery in this case under Section 7182, since every right of action under that section must be grounded on usury actually paid to the creditor, and the test of usury under that section is the payment of interest in excess of the applicable statutory rate''.

It is clear under the evidence in this case and it is not denied by the plaintiff that all of his total payments on both loans ($48.80) did not repay the total cash actually borrowed ($150), with legal interest, to say nothing of whatever insurance premiums and interest before maturity as were lawfully incorporated in the principal sum, nor does plaintiff claim to have made tender of the balance or whole principal sum borrowed, and therefore no cause of action exists for the recovery of usurious interest, or attorney's fees.

The reason for this limiting provision in the statute for recovery and penalties for usurious interest paid in excess of the principal and legal interest is explained in McBroom v. Scottish Mortgage and Land Inv. Co., 153 U.S. 318, 38 L. Ed. 729, 14 S. Ct. 852. It is there pointed out that such statutory remedy does not void the whole contract and no cause of action arises thereunder until the whole of the principal and lawful interest have been received by the lender, up to which time there is a *locus penitentiae* in which the lender who has charged excessive interest may repent, credit the excessive interest received to principal and, upon the final payment, avoid the violation of the statute and the liability thereunder.

The judgment is reversed and the cause is remanded with directions to enter a judgment and decree canceling the chattel mortgage and denying the plaintiff any recovery for usurious interest or attorney's fees. All concur.