HATTIE SIEGELMAN, Respondent, v. FRED M. JONES, Appellant.

Kansas City Court of Appeals, November 23, 1903.

1. **LENDER AND BORROWER: Usury: Attorneys' Fees: Jury Question: Appellate Practice.** A lender can not put forward his agent to do a loan business for him with the expectation and knowledge that such agent obtain his compensation from the borrower and so escape the consequences of the agent's unlawful exactions; and whether an attorney is the agent of the lender or the borrower is a question of fact, and the appellate court can only review the evidence and see if it was sufficient to justify the finding below.

2. ———: ———: ———: **Evidence.** Certain evidence relating to subsequent transactions between an attorney and the lender is held to be merely cumulative and its rejection harmless.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins*, Judge.

AFFIRMED.

*Grayston & Taylor* and *W. J. Owen* for appellant.

(1)   While a single circumstance may have little strength in itself, yet fitting in with other circumstances the whole may supply, on common principles of induction, the presumption of the most important facts. Mosby v. Com. Co., 91 Mo. App. 500; Bradstreet Co. v. Gill, 2 L. R. A. 406.   (2)   Place was entitled to pay for his services.   It was an obligation from the principal to her agent. As she did not pay her agent, she must have known that he got his compensation from the borrowers. Payment by the borrowers to her agent, for services rendered in her behalf, was the same as payment to her. Therefore, the debt was tainted with usury.   Brown v. Archer, 62 Mo. App. 287; Payne v. Newcombe, 100 Ill. 611; Ammondson v. Ryan, 111 Ill. 506; Cox v. Ins. Co., 113 Ill. 382; Meers v. Stevens, 106 Ill. 549; Vahlberg v. Keaton, 51 Ark. 546; Bank v. Flint, 54 Ark. 40; Rogers v. Buckingham, 33 Conn. 81; Ginn v. New Eng. Mort. Co., 92 Ala. 138; Borchering v. Trefz, 40 N. J. Eq. 502; Sherwood v. Roundtree, 32 Fed. 113; Call v. Palmer, 116 U. S. 98; Meago v. Simmons, 22 Eng. C. L. 486. (3)   "The fact that an agent intrusted with money to lend exacts a bonus from the borrower for himself, over and above the legal rate of interest, will be binding upon the principal, although done without authority, and will taint the transaction with usury."   New Eng. Mort. Security Co. v. Hendrickson, (Neb.) 15 Cent. Law Journal 132; Olmsted v. N. E. Mtg. Sec. Co., 11 Neb. 437, s. c., 9 N. W. 650; Cheny v. Woodruff, 6 Neb. 185; Cheny v. White, 5 Neb. 256; Philo v. Butterfield, 3 Neb. 259.   (4)   Exacting or charging more than eight per cent per annum renders a chattel mortgage void, whether it was received or not.   R. S. 1899, secs. 3710, 3706; Hilgert v. Levin, 72 Mo. App. 48; Johnson v. Votte, 77 Mo. App. 563; Drennon v. Dalincourt, 56 Mo. App. 128.

*Thomas & Hackney* for respondent.

(1)    The court admitted evidence of all previous loans and of everything done by Place in reference to the Jones chattel mortgage, subsequent to May 10th. This was proper.    Werth v. Ollis, 61 Mo. App. 406; Cupples v. Whelen, 61 Mo. 586; Sewing Machine Co v. Railroad, 70 Mo. 672.    (2)    No error was committed by the trial court in admitting testimony as to what occurred between Place and the plaintiff immediately before the loan was made. It was perfectly competent to show what was said and done in order to determine what the plaintiff relied on in making the loan.  The testimony as to what was said by Miss Black was admitted when she was on the witness stand, and also, when plaintiff was on the witness stand, without objection, and a repetition of this statement later on, to which objection was made, was entirely harmless; besides, the defendant's counsel went into this matter fully on cross-examination of different witnesses, thus waiving any error, if any error had been committed.    (3)    No error was committed by the t⸗ al court in refusing the peremptory declaration of law asked by the defendant to the effect that the finding must be for the defendant.    (4)    The finding of the trial court on the facts having been adverse to the appellant, this court will not review that finding, there being testimony to support the finding.

ELLISON, J.—This is an action in replevin.    The judgment below was for plaintiff.

It appears that plaintiff loaned defendant $90, and took his note for that sum with eight per cent interest, secured by a chattel mortgage.  Plaintiff's claim is based on the mortgage and the sole defense is usury in the loan.    Defendant charges and the undisputed facts show that defendant only wanted to borrow $80, but that, obtaining the money through an attorney who charged him $10 for procuring the loan, he executed his note for $90.

The evidence shows that plaintiff did not know that the attorney had charged the defendant for procuring the loan, nor did she know that any part of the $90 for which she gave her check was for the attorney's compensation; nor did she know the attorney was receiving compensation.

It was held in Brown v. Archer, 62 Mo. App. 287, that a lender could not put forward his agent to do a money-loaning business for him, with the expectation and knowledge that such agent would obtain from the borrower the compensation due him for such services to the lender, and escape the consequences of the agent's unlawful exactions. Whether the attorney was plaintiff's agent was a question passed upon by the trial court sitting as a jury. That court made a finding against the defendant's theory, and the principal question presented is whether there was any evidence upon which to base such finding. An examination of the record shows to us a case, the decision of which, were we the tribunal to pass upon facts in the first instance, would not be free from embarrassment. But it is just such a case as the law has wisely left to be determined by the tribunal which has a view of the parties and witnesses and an opportunity for observations and conclusions which are necessarily denied us. We believe the record does present evidence and circumstances which justify the court in its conclusions.

Complaint is made that the court refused to hear evidence of loans of plaintiff's money made by the attorney referred to, after the present loan. The court heard all evidence as to other loans made before the present loan. The offers made of subsequent loans which were like those shown to have been made prior to the loan in controversy, were only cumulative and could not possibly have influenced the court considering the number which had already been shown. To show loans subsequent, which were of different character and in which the business relations between plaintiff and the at-

torney were said to be different, would only evidence a change in their relations after the loan in question and would of course not be competent. We do not believe, under the circumstances, and the character of the evidence already heard, that error was committed in the rulings to which we have referred.

Other objections to evidence are not well taken. The purpose of the evidence complained of, as being conversations out of defendant's presence, as declared and specifically limited by the court was proper. And the same may be said of evidence of defendant's promise to pay the note.

After a careful examination of the case our conclusion is that the judgment should be affirmed. All concur.