## JOE KEMPER v. THE STATE.

### No. 221. Decided December 1, 1909.

**1.—Assault to Murder—Misconduct of Jury—Statement of Facts.**

Where a statement of facts touching matters as to the misconduct of the jury is not properly authenticated, the same cannot be considered on appeal.

**2.—Same—Adjournment of Court—Order to File Statement of Facts.**

Where, upon appeal from a conviction of assault to murder, the statement of facts was not filed within the time provided by law the same cannot be considered, notwithstanding the agreement of counsel that the same might be considered as filed within time.

**3.—Same—Stenographer's Notes—Questions and Answers.**

A statement of facts taken on the trial of the case, wholly made up of questions and answers, cannot be considered on appeal. Following Essary v. State, 53 Texas Crim. Rep., 596, and other cases.

**4.—Same—Misconduct of Jury.**

Where, upon appeal of a conviction of assault to murder, it appeared from the record that the court below heard testimony *pro* and *con* as to the misconduct of the jury, the same will not be disturbed on appeal, even had the statement of facts been properly made up and filed. Following Fox v. State, 53 Texas Crim. Rep., 150.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant prosecutes this appeal from a conviction had in the Criminal District Court of Harris County on June 18, of this year, wherein appellant was convicted of assault with intent to murder and his punishment assessed at confinement in the penitentiary for a period of five years.

There is no statement of facts in the record and in view of this fact none of the questions raised on the appeal can be considered,

unless it be the action of the court on that portion of appellant's motion for new trial which alleged misconduct of the jury in receiving additional evidence after the argument had been closed, and in arriving at their verdict by lot. We find in the record a statement of facts touching this matter which was prepared and certified by the official stenographer on the 9th day of August of this year. This certified copy was filed in the court below on the same date. It is not in any manner authenticated, however, and, of course, can not be considered by us. There is also filed in this court what purports to be an original statement of facts touching the matters set up in the motion for new trial filed on the date above stated, which was approved by the trial court on the 21st day of September, of this year. It is agreed by counsel for the State that in view of the facts recited in the agreement appended to the statement that same might be considered as filed within thirty days from adjournment. This statement of facts can not be considered for the reason that it is not authorized by law. Bink v. State, 50 Texas Crim. Rep., 445. Nor could it be considered for another reason. The purported statement of facts is wholly made up of questions and answers, or in other words, is a verbatim copy of the stenographer's notes. A statement of facts taken on the trial of a case, so made up is in direct violation of the provisions of our statutes and can not be considered. Essary v. State, 53 Texas Crim. Rep., 596; Hargraves v. State, 53 Texas Crim. Rep., 147; Hood Brown v. State, not yet reported, and numerous other cases. Even if the statement of facts could be considered, the motion would not avail appellant. We have carefully read same and find that some of the testimony introduced by appellant tends strongly to sustain his position that the punishment assessed was reached by lot. On the contrary the testimony of others of the jury distinctly negatives this fact. In such a case, where the matter was presented to the court below, and where there is evidence to sustain his action in upholding the verdict of the jury, we will not interfere. Fox v. State, 53 Texas Crim. Rep., 150.

As presented there is no ground on which we would be justified in reversing the case and it is therefore affirmed.

*Affirmed.*