### JOHN FOSTER v. THE STATE.

#### No. 4012. Decided March 29, 1916.

#### Rehearing denied April 26, 1916.

**1.—Occupation—Intoxicating Liquors—Statement of Facts—Change of Venue.**

In the absence of a statement of facts of what was testified to on the motion for change of venue, and filed during the term of court, the court's action in overruling the motion for change of venue can not be considered on appeal.

**2.—Same—Statement of Facts—Stenographer's Transcript—Questions and Answers.**

The stenographer's transcript of his shorthand notes in question and answer form can not be considered on appeal, as it was the duty of the appellant to prepare a statement of facts, and in the absence thereof the judgment must be affirmed. Following Felder v. State, 59 Texas Crim. Rep., 144, and other cases.

Appeal from the District Court of Gregg. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*F. J. McCord* and *Martin & Nelson,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully pursuing and following the business and occupation of selling intoxicating liquors in the prohibition county of Gregg.

The term of court at which appellant was tried adjourned December 18, 1915. He filed a motion for a change of venue, which was contested by the State. The court, after hearing evidence on it, overruled his motion. The statute (Vernon's C. C. P., art. 634) is: "The order of the judge granting or refusing a change of venue shall not be revised upon appeal, unless the facts upon which the same was

based are presented in a bill of exceptions prepared, signed, approved and filed at the term of the court at which such order was made." No such bill was filed during term time. No statement of facts of what was testified on the subject was filed during term time. Hence, we are prohibited from reviewing the question under the very terms of the statute and a great many uniform decisions of this court so holding, cited under said article of the Procedure.

As stated, the term of court at which appellant was tried adjourned December 18, 1915. There is with the record the official court stenographer's report of the trial. It contains, as such reports usually do, the purported testimony of the witnesses in question and answer form; also the objections of the attorneys on each side to various items of testimony, more or less of the argument of the attorneys on their objections, what the court said and his rulings. Such matters have no place in a statement of facts. The certificate of the stenographer is to the effect that the thirty-four pages of typewriting contains a full and complete "report of the trial,"—not a statement of facts.—as made up from his shorthand notes, to the best of his skill and ability, and is signed by him officially. On a separate sheet, which is pasted on to the last sheet of the stenographer's report, is a certificate, signed by the presiding judge, that the parties having failed to agree to a statement of facts, and the defendant having furnished him "this report of the trial as his statement of facts," he approves it as such and orders it filed. The statement of facts proper could have been readily embraced on about ten typewritten pages in narrative form.

Evidently, the stenographer made out the report he did strictly in accordance with the law. (Art. 844b, Vernon's C. C. P.) From this stenographer's report, it was the duty of the appellant to prepare a statement of facts. (Art. 844c.) This he did not do. He had, under the law, even after the stenographer's report was filed, about two and one-half months to prepare a statement of facts therefrom; but, instead of doing that, he presents to the judge this stenographer's report, and asks the court to approve that. It has been the uniform holding of this court, in a great many cases, and down to the present day, that such a paper will not be considered by this court as a statement of facts, and will be stricken out when moved to do so by the State. The State's motion, therefore, to strike out this report as a statement of facts is granted. We cite merely some of the cases, not all of them by any means. Felder v. State, 59 Texas Crim. Rep., 144; Choate v. State, 59 Texas Crim. Rep., 266; Hargrave v. State, 53 Texas Crim. Rep., 147; Essary v. State, 53 Texas Crim. Rep., 596; Baird v. State, 51 Texas Crim. Rep., 322; Brown v. State, 57 Texas Crim. Rep., 269; King v. State, 57 Texas Crim. Rep., 363; Kemper v. State, 57 Texas Crim. Rep., 355.

In the absence of a statement of facts, no other question is raised which we can review. The judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied April 26, 1916.—Reporter.]