A. M. WHITWORTH et al., Appellants, v. T. N. DAVEY.

Division One, December 1, 1919.

1. **USURY: Commissions Paid Trustee.** In determining whether the money demanded and paid to the holder of notes secured by deed of trust, the commissions paid to the trustee, who had advertised the property for sale, but did not sell it because of the payment of the notes, cannot be charged against the payee.

2. ———: **Fixed By Statute.** In the absence of a law limiting the rate of interest, there can be no usury; and unless the rate exceeds the applicatory statutory maximum, there is no usury in a particular case.

Whitworth v. Davey.

3. ——: Eight Per Cent Compounded Semi-Annually: Recovery: Applicatory Statutes. A stipulation in the written contract that interest shall be compounded semi-annually is void, under Section 7185, Revised Statutes 1909, which says that "interest shall not be compounded oftener than once a year;" but though the contract calls for eight per cent interest, to be compounded semi-annually, the payor of the note cannot under Section 7182 recover back the excess paid, for that section in express terms applies only to the "three preceding sections," which say nothing concerning a semi-annual compounding of interest. Section 7182 does not purport to give a cause of action for a violation of Section 7185. A compounding of interest oftener than once a year, in violation of said Section 7185, is illegal, but is not, of itself, usury.

4. ——: ——: In the Aggregate: Suit For Compound Interest. A right of action under Section 7182 must be grounded on usury actually paid to the creditor, and the test of usury under the section is the payment of interest in excess of the applicable statutory rate; and though the six-months coupon interest notes provide for eight per cent interest from maturity, yet if a computation discloses that the amount paid on the notes does not aggregate a sum equal to the amount of the principal note with interest at eight per cent, compounded annually, there can be no recovery under Section 7182 of a supposed excess paid.

5. ——: Compound Interest. The payment of compound interest in excess of the written contract rate does not constitute usury, unless the total amount paid exceeds the amount which could lawfully be exacted under the written obligation.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Frank L. Farlow* for appellants.

(1) Under the contract made on March 14, 1910, the amount due the defendant on April 1, 1911, would be the amount of the two first coupons, $724.76. But the plaintiffs were required to pay $739.90, or $15.14 usury. This $15.14 was the interest at eight per cent for six months on coupon one, and was compounding the interest oftener than once a year at the contract rate named in the note. Under the law the court should have allowed the defendant only six per cent per annum,

instead of the eight per cent provided for in the usurious contract, and which the defendant had enforced by exacting and receiving such usurious interest from the plaintiffs. When no rate of interest is agreed upon, six per cent is allowed as legal interest. Sec. 7179, R. S. 1909. Parties may agree in writing for interest not exceeding eight per cent per annum, on money due or to become due on contract. Sec. 7180, R. S. 1909. Sec. 7182, R. S. 1909, prohibits the taking of more than the legal rate of interest. (2) The contract in this case, being the obligation and coupons, show on their face that a usurious contract for interest was made, and the payment under the evidence show that the interest was collected, demanded and exacted by the defendant, and if this is true, then under the law, the interest should not be figured at the contract rate, but at the legal rate of six per cent per annum payable annually. The rule for testing the question whether or not this contract was usurious, on its face, is whether if performed, it would result in securing a greater rate of profit on the subject-matter than is allowed by law. This contract in providing for interest on the coupons at eight per cent, which was enforced by the defendant, gave him $15.14 more the first year than he was entitled to and was usurious. Kreibohm v. Yancey, 154 Mo. 67; Coleman v. Cole, 158 Mo. 260; State ex rel. v. Boatman's Savings Institution 48 Mo. 189; Missouri R. E. S. v. Sims, 179 Mo. 686; Bank v. Donnell, 172 Mo. 385. The transaction itself, not the intention of the parties, determines the question of usury. Osborn v. Frederick, 134 Mo. App. 449. (3) The contract under consideration in this case, having been shown to be usurious, and the defendant having been shown to have exacted and received usury under it, that avoids the contract, as to interest, and the legal rate of six per cent applies, and the amount due the defendant for the use of the money must be estimated upon the basis of six per cent, the legal rate of interest. Arbuthnot v. Assn., 98 Mo. App. 382; Osborn v. Frederick, 134 Mo. App. 449; Seaver

v. Ray, 137 Mo. App. 78;  Holmes v. Building Associa-
tion, 166 Mo. App. 719;  Cowgill v. Jones, 99 Mo. App.
390.  (4) Our statute forbids the taking of more than
eight per cent per annum interest, and if the holder
takes more than this amount it is usury, and avoids the
contract, and he is only entitled to have and retain six
per cent legal interest.  Machine Co. v. Tomlin, 174 Mo.
App. 512.  (5) The effect of charging usury is that if
it is charged or exacted upon a usurious contract, then
the holder only recovers the principal actually loaned
with legal interest; that is, six per cent.  Western Stor-
age Co. v. Glassner, 169 Mo. 38;  Little v. Pump Co.,
122 Mo. App. 620;  Osborn v. Payne, 111 Mo. App. 29.

Paul N. Davey and R. A. Mooneyham for respond-
ent.

(1)  A contract tainted with usury is not void, and
courts will enforce them, first stripping them of their
usury.  Adler & Sons Clo. Co. v. Corl, 155 Mo. 154;
Cowgill v. Jones, 99 Mo. 390;  Ferguson v. Soden, 111
Mo. 208;  Farmers & T. Bank v. Harrison, 57 Mo. 503;
Montany v. Rock, 10 Mo. 506;  1 Story, Eq. Jur. (12
Ed.), sec. 301;  Webb v. Allington, 22 Mo. App. 559;
Peter Shoe Co. v. Arnold, 82 Mo. App. 6.  The principal
Whitworth note was accompanied by six coupon notes,
each being a separate instrument.  Only the three semi-
annual coupon notes were tainted with usury.  The prin-
cipal note and the three annual notes were valid promis-
sory notes, containing no unlawful clause, upon either
of which a suit could have been brought and a separate
judgment obtained.  The principal note bore interest at
the rate of eight per cent per annum on its face, so
also did the three annual notes.  The contract as a ·
whole was severable.  (2) Contracts in writing for the
payment of interest are governed by the same rules
that apply to other written contracts as to their con-
struction and operation.  U. S. Mortgage Co. v. Sperry,
138 U. S. 313;  Martin v. Murphy, 16 Ill. App. 283;
Webb v. Balley, 89 Iowa, 247.  (3) A contract clause

to compound interest semi-annually has no other effect upon the contract than to render that particular clause void. Our Supreme Court in the case of Storage Co. v. Glasner, 169 Mo. 46. (4) A usurious clause in a contract does not constitute usury. It is only when the total amount actually paid exceeds the principal and lawful interest that anything can be recovered as usury, and then only the amount of such excess. Lawler v. Vette, 166 Mo. App. 349; Citizens' Nat. Bank v. Donnell, 172 Mo. 415. (5) It is only where no annual rate of interest was ever expressed in the contract, or where the rate expressed therein exceeded the rate prescribed by the lawful contractual rate, and purging the contract of the unlawful rate expressed would result in a failure of expression, that courts can or will presume and apply the legal presumptive rate of six per cent. Secs. 7179, 7181, 7182, R. S. 1909; Long v. Loan Co., 252 Mo. 167.

BLAIR, P. J.—This cause was heard in the Springfield Court of Appeals (185 S. W. 241), and was certified here because one of the judges deemed the opinion to be in conflict with decisions of this court.

On March 14, 1910, appellants executed a note for $8650, payable April 1, 1913, to L. N. Manley, with interest "from date at the rate of eight per cent per annum payable semi-annually according to the tenor and effect of the interest coupons hereto attached and bearing even date herewith." Six coupons notes were executed. The first was for $378.76 and represented the interest on the principal note from March 14, 1910, to October 1, 1910. Each of the five remaining coupons was for $346, six months' interest on the principal note. The five fell due, respectively, on April 1, 1911, October 1, 1911, April 1, 1912, October 1, 1912, and April 1, 1913. Each coupon note was expressed to bear interest at eight per cent from maturity. April 11, 1911, new notes were given to cover the interest to April 1, 1911. Each of these drew interest at eight per

cent compounded annually. June 18, 1912, appellants made the first cash payment $1539.97. A second cash payment of $717.53 was made April 29, 1913. May 7, 1914, a final payment of $9413.79 was made. Of this sum $87.75 was for publication of trustee's notice of sale and trustee's commission, which was paid directly to the trustee, who had advertised a sale but did not actually make it because the debt was discharged by payment on the day set therefor. The sums paid respondent were, therefore, $1539.97, on June 18, 1912; $717.53, on April 29, 1913, and $9326.04, on May 7, 1914.

The petition alleges that the "bond or obligation and coupons . . . was and is usurious and unenforceable on its face in requiring the plaintiffs to pay more than eight per cent per annum, payable semi-annually for the money loaned to them; and in compounding interest oftener than once a year," and that by reason thereof respondent was entitled to no more than his principal and six per cent simple interest, whereas he demanded and was paid the sum of $718.91 in excess of that amount. Judgment for that amount and for costs, expenses and a reasonable attorney's fee is prayed. The trial court gave judgment for defendant.

I. We agree with the Court of Appeals (185 S. W. l. c. 247) that the sums paid the trustee for commissions and expense of publication of notice cannot be charged against respondent.

**Commissions.**

II. The petition alleges and appellants' evidence shows that the overpayment, which they contend resulted from a usurious exaction, was made to cover semi-annual interest upon interest. As pointed out by the Court of Appeals, this is an action under Section 7182, Revised Statutes 1909. This section provides for the recovery by the payor of any sum *paid* in excess of the rates prescribed by the *"three preceding sections."* These sections provide that (1) in the

**Usury.**

absence of an agreed rate, six per cent shall be collectible on moneys due on written contracts and accounts and in other cases in which interest is agreed to be paid, but the rate is not fixed; (2) the parties may agree, in writing, for the payment of interest, not exceeding eight per cent, "on money due or to become due upon any contract," and (3) interest upon judgments upon contracts bearing more than six per cent shall bear the contract rate, and other judgments shall bear six per cent.

In 1845 (R. S. 1845, secs. 6 and 7, p. 615) provisions permitting the compounding of interest once a year were enacted. Section 7185, Revised Statutes 1909, reads as follows:

"Parties may contract, in writing, for the payment of interest upon interest; but the interest shall not be compounded oftener than once a year. Where a different rate is not expressed, interest upon interest shall be at the same rate as interest on the principal debt."

Under these sections it is lawful for parties to contract in writing for interest at the rate of eight per cent per annum, compounded annually. In this day and age, in the absence of a law limiting the rate of interest, there can be no usury. [Newton v. Wilson, 31 Ark. 484.] Further, unless the rate of interest exceeds the applicable statutory maximum, there is no usury in a particular case. [Black's Law Dictionary; Webster's International Dictionary; Parkham v. Pulliam, 45 Tenn. 497; Rosenstein v. Fox, 150 N. Y. 354; Kreibohm v. Yancey, 154 Mo. 67.] The interest contract in this case is in writing and it fixed an eight per cent rate, to be compounded semi-annually. The provision for compounding oftener than once a year was void. [Western Storage Co. v. Glasner, 169 Mo. l. c. 46, 47.] Section 7182, Revised Statutes 1909, under which this action is brought, gives a right of action, by specific reference, solely for violation of Sections 7179, 7180 and 7181. It does not purport to give a cause of action

for a violation of Section 7185, which prohibits compounding interest oftener than once a year. Compounding interest in violation of Section 7185 is illegal but it is not, of itself, usury. Such is the necessary effect of the ruling in Western Storage Co. v. Glasner, supra, and that rule has the support of reason and the great weight of authority. [Webb on Usury, sec. 127; Tyler on Usury, p. 243; Mowry v. Bishop, 5 Paige's Ch. 1. c. 103; Palm v. Fancher, 93 Miss. 785, 33 L. R. A. (N. S.) 295 and note.] The collection of compound interest is the sole basis of the charge of usury in this case. The right to compound interest is a creature of the statute. Courts denied it, not because it constituted usury, but on the ground that it was harsh and oppressive and "tended to usury." A computation discloses that the amounts paid on the notes do not aggregate a sum equal to the amount of the principal note with interest at eight per cent, compounded annually. In view of this fact and of the principles stated, there can be no recovery in this case under Section 7182, since every right of action under that section must be grounded on usury actually paid to the creditor, and the test of usury under that section is the payment of interest in excess of the applicable statutory rate.

III. With most of the opinion of the Court of Appeals we agree. In our opinion, it fell into error, when it held, as we understand its holding, that a payment of compound interest constitutes usury in every case in which it exceeds the written contract, although the total amount paid does not exceed the amount Compound Interest. which could lawfully be exacted and paid on a written obligation. Other than the semiannual compounding feature of the contract, there is no suggestion that there was any trick, fraud or intent to cover up or secure usurious interest. This disposes of the only question raised by appellants.

The judgment is affirmed. All concur.