OWEN ALLEN and MINNIE ALLEN, Appellants, v. PATSY S. NEWTON, MARY CAROLINE NEWTON, GEORGE MILLARD NEWTON, the said CAROLINE and GEORGE MILLARD being minors, and MINNIE M. FITZGERALD, Curatrix of Said Minor Defendants, Respondents.*

Kansas City Court of Appeals. December 1, 1924.

1. **USURY: Courts Disregard Form and Look Only to Substance of Transaction in Determining Whether All Requisites of Usury are Present.** In deciding whether transaction is usurious courts disregard the form and look only to substance of transaction to determine whether all requisites of usury are present.

2. ———: **Requisites of Usury Stated.** Requisites of usury are: (1) unlawful intent; (2) subject-matter must be money or money's equivalent; (3) a loan or forbearance; (4) sum loaned must be absolutely, not contingently, payable, and (5) there must be an exaction for the use of the loan' of something in excess of what is allowed by law.

3. **APPEAL AND ERROR: Question Whether Unlawful Intent Was Shown to Exact Usurious Interest Held for Trial Court.** Question whether unlawful intent was shown to exact usurious interest on loan, in violation of sections 6492 and 6494, Revised Statutes 1919, *held* for trial court.

4. ———: **Where Unlawful Intent to Exact Usurious Interest on Loan was Urged by Plaintiff Held Burden of Establishing it Was Upon Him.** Where unlawful intent to exact usurious interest on loan is urged, the burden is on plaintiff to establish the same by proof satisfactory to the court.

5. ———: **Exaction of Commission by Broker, Acting as Borrower's Agent in Procurement of Loan Held Not to Render Loan Usurious.** Where broker acts as agent of the borrower in procuring loan, he may exact a commission from borrower in addition to principal' loan, and the loan is not thereby rendered usurious.

6. ———: **Broker Held Agent of Borrower and Entitled to Demand Commission without Rendering Transaction Usurious.** Where broker obtained funds from clients to complete amount of loan made

by him to borrower at his request and indorsed notes, secured by deed of trust, which were taken in his name to such clients, *held* broker was agent of borrower and entitled to demand commission for his services without constituting transaction a usurious one.

7. ———: **Evidence: Parol Evidence Admissible to Show Note Was Given for Commission in Obtaining Loan and Not Thereby Usurious.** Where note did not appear upon its face to be usurious, parol evidence that it was only commission note given for obtaining loan at maker's request, *held* admissible.

8. **PRINCIPAL AND AGENT: Agent Undertaking to Act in His Own Name for Undisclosed Principal is Personally Liable.** Agent for an undisclosed principal undertaking to act in his own name thereby becomes personally liable.

9. ———: **Rule as to Personal Liability of Agent Acting in His Own Name for Undisclosed Principal Held Inapplicable Where Broker Was Agent of Borrower and not of Lender.** Rule that agent of undisclosed principal, acting in his own name, becomes personally liable, *held* to have no application where broker was agent of borrower and not of lender.

*Corpus Juris-Cyc. References; Agency, 2 C. J., p. 816, n. 23. Appeal and Error, 4 C. J., p. 843, n. 65. Usury, 39 Cyc., p. 888, n. 4; p. 918, n. 59; p. 919, n. 60; p. 978, n. 37, 40 New; p. 1052, n. 46; p. 1054, n. 69; p. 1056, n. 85; p. 1058, n. 93.

Appeal from the Circuit Court of Saline County. —*Hon. Robert M. Reynolds,* Judge.

Affirmed.

*Burks & Rich* for appellant.

*Harvey & Bellamy* for respondents.

ARNOLD, J.—This is a suit to recover the sum of $80 on the ground that a usurious charge of that amount had been made on a loan obtained through G. W. Newton, now deceased, the action being against the devisees under the will of said Newton.

On February 11, 1921, plaintiff Owen Allen applied to G. W. Newton who was a loan broker at Marshall, Mo.,

for a loan of $800 on his farm in Saline County, the proceeds to be used in paying off an existing mortgage of a lesser amount against the land. On the date of the application for the loan the notes and deed of trust securing the same were prepared and delivered to Allen to be executed by him and his wife. The documents were executed and delivered to Newton on February 18, 1921, and the transaction was closed.

The papers so drawn consisted of one principal note for $550, one for $150 and one for $100, each to mature five years after date, with interest coupons attached representing annual interest at seven per cent per annum; also one commission note for $80, all payable to said G. W. Newton. Each note provided an option for payment of $100 or any multiple thereof at any interest paying day, payable in annual installments over a period of five years, and a deed of trust securing all of said notes. The existing deed of trust was to be discharged and released from the proceeds of the loan in question, the balance to be paid to the borrower by the agent Newton.

G. W. Newton died on July 2, 1921, and defendant Patsy S. Newton, his widow, duly qualified as administratrix of his estate. Notice of her appointment was timely given and all creditors notified that unless their claims against the estate were filed for allowance within one year they would be barred as provided by law. Final settlement and distribution of the estate was made in September, 1922, and the $80 commission note in controversy was awarded to defendant Patsy S. Newton, as provided in the will. The other notes described in the deed of trust were not listed among the assets of the estate, and the testimony shows that none of the devisees, nor G. W. Newton during his lifetime, ever made any claim to any of the notes described in said deed of trust excepting the $80 commission note.

The testimony shows that at the time the $800 loan was secured, the deed of trust then existing against the land was held by two parties; that Mr. Newton obtained

from them an amount sufficient to increase the loan to $800, and on February 18, 1921, when the deal was completed, the old deed of trust was released and satisfied of record; whereupon G. W. Newton endorsed the new notes, excepting the $80 commission note, to the respective owners thereof, being the two persons who made the loan.

On February 13, 1923, plaintiffs paid said principal notes and also the $80 note to Minnie M. Fitzgerald in whose hands they had been placed for collection, and the deed of trust was released.

The petition alleges that defendant Patsy S. Newton was the wife and Mary Caroline Newton and George Millard Newton are the two minor children of G. W. Newton, deceased, and that the said minors are under the curatorship of Minnie M. Fitzgerald; that on the 13th day of February, 1923, being the second annual pay day, plaintiffs paid all of said notes and interest to defendant Patsy S. Newton, or her agent. The petition further states "that the interest paid on said note was tainted with usury and that the eighty dollars was usurious and in violation of the statute laws of the State of Missouri, and that they were forced to pay same after the death of the said G. W. Newton, and that the estate of the said G. W. Newton had been finally settled before the maturity of this claim or the payment of the same and that it could not have been allowed against the estate of the said G. W. Newton, deceased."

The petition also charges that the said note of $80 so paid to Patsy S. Newton was usurious, and was exacted of plaintiffs in violation of the laws of the State of Missouri. The prayer is for judgment against defendants for the sum of $80, for attorney fees and for costs. The amended answer admits the execution of the notes and deed of trust and that they were paid to Miss Fitzgerald on February 13, 1923; and that the said $80 note described in the petition was made payable to, and was the property of, said G. W. Newton; that the same was executed and delivered to said Newton for a valuable con-

sideration; that plaintiffs never at any time within one year after the issuance of letters testamentary and proper notice thereof demanded of the said Patsy S. Newton, as executrix, that she pay said alleged claim or demand, and never at any time filed their said claim with the probate court for allowance; that the alleged claim of plaintiffs, if they were ever entitled to recovery thereon, is barred by the Statute of Limitations, providing the same should have been filed against the said estate within one year after the issuance of said letters testamentary.

Plaintiffs filed a motion to strike out certain portions of the answer but it was overruled by the court. The reply was a general denial. By consent of parties a jury was waived and the cause was tried to the court. The issues were found for defendants and no declarations of law or findings of fact were asked or given. Plaintiffs filed a motion for a new trial which was overruled and they brought the case here by appeal. The facts are not in dispute, the suit being fought in the court below and in this court, upon the application of the law to the facts. The only question at issue is whether the $80 note given at the same time as the principal notes was usurious.

Usury has been defined as "the excess over the legal rate charged to a borrower for the use of money. Taking illegal profit for the use of money." [Bouvier's Law Dictionary; Maccrackan v. Bank, 164 N. C. 24, 80 S. E. 184, 49 L. R. A. (N. S.) 1043.] Also "as contracting for or receiving something in excess of the amount allowed by law for the loan or forbearance of money." [39 Cyc. 868.]

Section 6492, Revised Statutes 1919, fixes the legal rate of interest in Missouri at eight per cent, and section 6494 provides penalties for violation thereof. The general rule, as laid down in 39 Cyc., pp. 918, 919, is as follows:

In deciding whether any given transaction is usurious or not, the courts will disregard the form which it

may take, and look only to the substance of the trans-
action in order to determine whether all the requisites
of usury are present. These requisites are: "(1)  un-
lawful intent;   (2)   subject-matter must be money or
money's equivalent;   (3)   a loan or forbearance;   (4)
sum loaned must be absolutely, not contingently, pay-
able; and   (5)   there must be an exaction for the use of
the loan of something in excess of what is allowed by
law."

As to the application of these elementary principles,
we think that as the facts are presented in the briefs of
the respective parties and the proof, we need con-
sider only the first and last.  There seems to be no at-
tempt on the part of plaintiffs to establish by evidence
an unlawful intent on the part of Newton, other than by
inference from the general situation surrounding the
loan; the fact as to whether unlawful intent was shown
was a question for the trial court and it was determined
against plaintiffs' contention.  Where unlawful intent
is urged the burden is on the plaintiff to establish the
same by proof satisfactory to the court.  Obviously the
court found that plaintiffs herein failed in their proof
on this point.

The last clause of the above definition that "there
must be an exaction for the use of the loan of something
in excess of what is allowed by law," is also for consid-
eration.  Defendants' answer alleges that the note in
controversy, to-wit, the $80 note, was no part of the loan
sought, but was a commission for the procurement of
the loan for plaintiffs whose agent Newton was.  The
answer states that the $80 note, while secured by the
same deed of trust as the principal loan of $800, was only
a commission and given for a separate consideration,
namely, the procurement of the loan at the request of
the borrower; that it therefore cannot be considered "an
exaction for the use of the loan."  The trial court seems
to have accepted this view and we hold it is amply sup-
ported by the evidence.

It is the rule in this State that where a broker is acting as the agent of the borrower, he may exact a commission from such borrower, and such exaction, in addition to the principal loan, does not render the loan usurious. [Whitworth v. Davey, 279 Mo. 672, 216 S. W. 736; Osborn v. Payne, 111 Mo. App. 29, 85 S. W. 667; Brown v. Archer, 62 Mo. App. 277; Siegelman v. Jones, 103 Mo. App. 172, 77 S. W. 307.] And so the determination of this appeal rests on the answer to the question as to whose agent Newton was in the procurement of the loan. This inquiry leads us to the evidence.

The testimony shows that G. W. Newton was in the real estate and loan business and had certain clients for whom he made loans and at times he had money belonging to such clients; that in the instant case he had on hand part of the money that went into the $800 loan, and that said clients gave him, on his request, certain additional funds to meet the requirements of the loan in question; that the same clients owned the notes and deed of trust which the loan in question was intended to liquidate; and that Newton sometimes loaned his own funds.

Further the testimony shows that Allen applied to Newton for a loan of $800 and that Newton applied to his said clients for funds to complete the amount of the loan; and that the notes and deed of trust were taken in Newton's name and by him endorsed to his said clients. In this state of the record, we must hold that Newton was the agent of the borrower, and as such could lawfully demand the commission of $80 for his services, without constituting the transaction a usurious one.

It is urged the court erred in admitting evidence in explanation of the purport of the $80 note in question. This objection, doubtless, is bottomed upon the assumption that the note itself shows on its face that it is usurious. We cannot accept this assumption as justified. The instrument is a plain note of hand, and we must go elsewhere for any explanation as to its actual import. It

has been held in this State that in usury cases the apparent intent of the written instrument may be altered by parol evidence. [Western Storage, etc., Co. v. Glasner, 169 Mo. 38, 68 S. W. 917; Little v. Steam Pump Co., 122 Mo. App. 620, 100 S. W. 561; Leavel v. Johnston, 209 Mo. App. 197.]

Plaintiffs further urge as grounds for reversal of the judgment that there was an undisclosed principal and that an agent for an undisclosed principal undertaking to act in his own name thereby becomes personally liable. This is a correct statement of the rule, but we have already held that Newton was the agent of the borrower and not of the lender, therefore the rule has no application here.

What we have said covers all points raised by plaintiffs in their brief. We hold the judgment of the trial court is sustained by both the law and the evidence of record. The judgment is affirmed.

All concur.